H. L. W. HILL, et al. v. I. B. HILL.

Middle Section. January 7, 1929.

Petition for Certiorari denied by Supreme Court, May 25, 1929.

508

Jeff D. Fults,. of Tracy City, for appellant, I. B. Hill.

Mercer & Johnson, of McMinnville, for appellee, H. L. W. Hill, et al.

CROWNOVER, J. This bill was filed to recover two separate adjoining tracts of land and to enjoin the prosecution of two replevin suits in the circuit court for timber cut and removed from said tracts. It was alleged that the heirs of Frank Hill owned and had the legal title to a twenty-two acre tract, which they had sold to their co-complainants Smith and Walker, and that complainant Virgil Hill owned and had the legal title to twenty-eight acres adjoining, which were a part of the Mrs. Virginia Hill dower tract of twenty-two hundred acres, and that defendant I. B. Hill claimed to own a fifty acre tract, the boundaries of which covered the aforesaid two small tracts, but that complainants deraigned their respective titles by regular chains of conveyances from H. L. W. Hill, who purchased (1) the Barrell 5000 acre Grant No. 5106 at a tax sale from Samuel McGee, Sheriff, on August 15, 1840, and (2) the John A. W. Rogers Grant No. 6293 of 640 acres on March 18, 1839,

the boundaries of both of said tracts cover the fifty acres in controversy, and the said Hill held the adverse possession of the same by actual enclosures under color of title from 1868 to the date of his death 1892.

The defendant I. B. Hill's defenses were that he owned said fifty acres, known as the "Willis Taylor Tract" through a chain of title from John A. W. Roger's Grant No. 6293 down through his father E. L. Hill to himself many years ago, and he denied that H. L. W. Hill ever owned it. He pleaded outstanding title and seven years' adverse possession under registered color of title. He admitted that Smith and Walker had cut, removed and disposed of timber off this tract for which trespass he should have a reference for damages.

At the hearing the Chancellor sustained the bill and decreed that the respective complainants had the legal title and should recover the respective tracts, made the injunctions perpetual, and awarded writs of possession. The defendant appealed and has assigned eight errors which are, in substance, that the Chancellor erred:

1. In holding that complainants had title to the land and in sustaining the bill, whereas, he should have held that defendant had the legal title and should have dismissed the bill.

2. In sustaining complainants' various exceptions to defendant's proof and in excluding the same, and in not sustaining defendant's various exceptions to complainants' proof.

3. In sustaining complainants' exceptions to the admission of copies of defendant's deeds in his chain of title and in excluding the same, because he had not sufficiently accounted for the loss of the originals, and in excluding other deeds in defendant's chain of title because they were "very suspicious and had every appearance of being spurious."

4. In overruling defendant's exceptions to the admission of the second depositions of several witnesses whose evidence was not in rebuttal, without designating the exact evidence in chief that was excluded.

The facts necessary to be stated are that Samuel B. Barrell obtained a Grant from the State of Tennessee for 5000 acres, on April 27, 1837, but the Grant described by metes and bounds 9330 acres, "platting out and excluding 4330 acres of prior claims," not designated or described. This Grant was based on Entry No. 3078, dated June 21, 1830, to Isaac Sitler and Christopher H. Stump, surveyed March 23, 1836.

This tract was sold under orders of the circuit court for taxes as the property of Sitler and Stump, on August 15, 1840, by Samuel McGee, Sheriff, to H. L. W. Hill, and a deed was executed by the Sheriff to said Hill describing the 9330 acres by metes and bounds, and stated that it contained by estimation 5000 acres, but no ex-

clusions were mentioned. The Sheriff's deed was recorded on August 26, 1840, and it was agreed that the original records of the case were destroyed years ago.

On September 5, 1838, John A. W. Rogers, assignee of Russell Rogers, obtained a Grant from the State of Tennessee for 640 acres, but the Grant described by metes and bounds more than a thousand acres, including and platting out eight small tracts giving the names and the number of acres, but not further describing the tracts, the aggregate being 432 acres excluded.

This Grant was based on Entry No. 2772 to Russell Rogers, which entry is as follows:

"Russell Rogers enters 640 acres land in the County of Warren, Tennessee, on the east side of Collins River beginning on a spanish oak it being the northeast corner of John Tate's Entry near Bubberland Cave running a north direction with said Tate's line to Overton's line, thence with his line to Absolom Brown's line; thence with his line thence eastwardly so round for complement leaving out all the improvements it may include. May 7, 1829. RUSSELL ROGERS location."

John A. W. Rogers, on March 3, 1928, agreed in writing to convey to H. L. W. Hill all of a 650 acre tract entered by Russell Rogers in 1829, "with the exception of 100 acres around what is known as Haberlind Cave."

John A. W. Rogers died and his administrator, Pleasant H. Rogers, on March 18, 1839, pursuant to said agreement, executed a deed conveying to H. L. W. Hill said tract by metes and bounds as described in the Grant No. 6293 "with the exception of 100 acres around Haberlind Cave," but this was the only exclusion mentioned or described. Said deed was recorded on September 18, 1839.

The Barrell and the Rogers' grants interlap on each other and both cover the fifty acres in controversy.

H. L. W. Hill went into the actual possession of said tracts and put the Frankie King possession and an apple orchard near the double cabin, enclosures of several acres, within the boundaries of the fifty acres in controversy, in 1868 and remained in the continuous, adverse possession of the same until his death in 1892.

The respective complainants deraigned title from H. L. W. Hill. Complainants Butler Smith and J. J. Walker purchased the twenty-two acres from the heirs of Frank Hill, and had cut and removed some timber from said tract, which timber has been replevined in two suits now pending in the circuit court of Warren county.

The defendant I. B. Hill undertakes to deraign title by mesne conveyances directly from the Rogers Grant No. 6293 and also claims title by seven years' adverse possession of the Frankie King and the Rich Bench field enclosures. His chain of conveyances pur-

ported to convey the fifty acres, described by metes and bounds from John A. W. Rogers to Russell Rogers in 1838, from Russell Rogers to Jesse Lee and from him to Willis Taylor in 1830, from Willis Taylor to E. L. Hill in 1854, and from E. L. Hill's heirs to complainant in 1881, but none of said deeds were acknowledged or registered, except the last two; and he filed a copy of a lease which purported to have been executed by his father E. L. Hill to Frankie King, dated January 5, 1864, in which it is stated that E. L. Hill had rented to her "the place on my land to build her a house, the place I got from Willis Taylor, the place where I kept my cattle last year" and she was to have timber to build a house, to make rails and boards, and was to clear and fence all that she wanted to clear.

The first and seventh assignments of errors, to the effect that the Chancellor erred in holding that complainants has title to the land, whereas he should have held that defendant had the legal title and should have dismissed the bill, are not well made. After an examination of the record we are of the opinion that the respective complainants hold the legal title to the respective tracts, for the reasons that their chains of title are valid and are superior, and also because H. L. W. Hill had more than seven years continuous adverse possession under color of title, and we hold that the defendant had neither title nor adverse possession of the tract either by possession of the Rich Bench field or the present two small enclosures for the period of seven years, as no part of the Rich Bench field is within the boundaries of the tracts in controversy; hence these two assignments of error must be overruled.

In the view we take that the complainants have the legal title both under a regular chain of conveyances and by adverse possession, the question whether the Russell Rogers entry was special and whether the deeds in defendant's chain of title are spurious or forgeries, become immaterial. Whether the defendant held title under a special entry and had a bona-fide chain of conveyances thereunder cannot change the situation, as the respective complainants deraigned their titles from H. L. W. Hill, who had perfected his legal title by adverse possession under a registered color of title.

Likewise the question whether the Chancellor erred in excluding the deeds in defendant's chain of title, and in overruling defendant's exceptions to complainants' evidence and to the second depositions filed, also become immaterial, as we have held that complainants have the legal title. Hence all the other assignments of error must be overruled.

But in view of the fact that the appellant has assigned specific errors as to the Chancellor's action in excluding certain testimony

and in overruling other exceptions to depositions and testimony, we will pass on the merits of each assignment separately.

The second assignment to the effect that the Chancellor erred in holding that appellant's deeds or chain of title "is very suspicious" and that some of "the deeds have every appearance of being spurious," and in sustaining the exceptions thereto, is not well made for two reasons, first, because, in the view we take of the case, this assignment raises an immaterial proposition; and second, the Chancellor did not err in excluding the deed from John A. W. Rogers to Russell Rogers purporting to have been executed on November 5, 1838, the deed from Russell Rogers to Jesse Lee purporting to have been executed on January 15, 1830, and the deed from Jesse Lee to Willis Taylor purporting to have been executed on May 6, 1830, all conveying the fifty acres in controversy, because it was not shown that they came from the proper custody or depository and were accompanied by some corroborative evidence of their genuineness.

Each of the three deeds purports to have been signed by the grantors and is witnessed by two witnesses, but they were not acknowledged or registered. One of these deeds, dated 1838, appears to have been written on what is known as ordinary pencil scratch book paper, but there is no proof in the record that "all of them appear to have been written in the modern style of writing, and do not appear to be as ancient as ordinary documents executed at that time," nor is there any proof of their genuineness, and we are not prepared to say that their execution is free from suspicion. Both sides had time and opportunity to introduce proof as to the genuineness of these deeds, but they introduced absolutely no proof on the subject. The burden of proof was on the defendant to show that they came from the proper custody and are accompanied by corroborative evidence of their genuineness.

It appears from the record that B. J. Hill, a son of the defendant was on the witness stand and while testifying the defendant's attorney, in each instance, stated "I here hand you what purports to be the original deed" etc., "and I will ask you if this deed described the land in controversy, and to file it as exhibit to your deposition." The witness replied, in each instance, "it does. I will file it." This was all the proof on the subject; hence there is no evidence of their custody or any corroborative evidence of their genuineness. We think it is enough if the person in whose custody the deeds are found is so connected with the documents that he may reasonably be supposed to be in possession of them without fraud. If such person as a trustee, heir, agent or attorney of the parties beneficially interested had possession of the deeds it would be sufficient, but in this case there is no evidence of their custody.

"In order to admit ancient document it must on its face be free from suspicion, come from the proper custody and be accompanied by some corroborative evidence." Jones on Evidence, Civil Cases (3 Ed.), sec. 531; Applegate v. Lexington, etc., Min. Co., 117 U. S., 255, 29 L. Ed., 892."

It must have been found in the proper custody, that is, in a place consistent with its genuineness. See Byrd v. Phillips, 120 Tenn., 32, 111 S. W., 1109; Fielder v. Pemberton, 136 Tenn., 457, 460, 189 S. W., 873, Ann. Cas. 1918E, 905; Woods v. Bonner, 89 Tenn., 409, 418, 419, 18 S. W., 67; 1 Greenleaf on Evidence (13 Ed.), secs. 142-143, 570.

The test is "whether the actual custody is so reasonably and probably accounted for that it impresses the mind with the conviction that the instrument found in such custody must be genuine," and ancient documents will be rejected where no connection between their possession and any person having an interest in the estate has been proved. See Jones on Evidence, Civil Cases (3 Ed.), secs. 308-309; 22 C. J. 954, sec. 1180; Byrd v. Phillips, supra; Sage v. Coal Co., 148 Tenn., 1, 251 S. W., 780; Opinion of the Court of Civil Appeals at Knoxville, May term, 1924 in the cases of Ridgway-Sprankle Co. et al. v. C. A. Williams, et al., Scott County Equity. This assignment must be overruled.

The third assignment of error, that "the Chancellor erred in sustaining various exceptions made by appellees to appellant's proof" is not well made for two reasons, first, because it does not point out the exceptions or rulings of the court, is too indefinite and gives no reasons why the rulings were erroneous, Powers v. McKenzie, 90 Tenn., 167; and second, because the assignments raises immaterial propositions.

The fourth assignment of error that the Chancellor erred in excluding the certified copy of a deed from Willis Taylor to E. L. Hill and the copy of the lease contract between E. L. Hill and Frankie King, because the loss of the originals had not been properly accounted for or shown, is well taken as to the exclusion of the copy of the lease, because it is proven that the original lease was lost. It is sufficient to trace the custody of an expired lease to the lessor. Jones on Evidence in Civil Cases (3 Ed.), sec. 309, note 70. But we are also of the opinion that the Chancellor should have excluded the certified copy of the deed from Willis Taylor to E. L. Hill conveying the fifty acres on December 15, 1854, which deed was registered on January 7, 1856. Although a certified copy of an ancient deed which has been recorded for more than thirty years is admissible, as its custody is sufficiently accounted for, Fielder v. Pemberton, supra, yet an heir or one who holds under a deed without general warranty is presumed to have the original deed and admission of a certified copy, without accounting f    the

original, would have been error. Sampson v. Marr, 7 Baxt., 492; Anderson v. Walker, Mart. & Yerg., 200, 2 Webb's Meigs Digest, 1608. In this instance the defendant is claiming under a deed without warranty and does not in any way account for the loss of the original, hence the certified copy was properly excluded. But in the view we take of the case the admission or the exclusion of the copies of the lease and the deed from Willis Taylor to E. L. Hill, and the original deed from E. L. Hill's heirs to I. B. Hill is immaterial.

The fifth assignment is that the Chancellor erred in overruling the various exceptions of appellant to appellee's evidence, is not well taken for two reasons, first, because it does not point out the exceptions overruled, and it does not state any reasons why the Chancellor was in error; second, because those mentioned in the brief are not well made. The admission of a certified copy of the deed from Samuel McGee, Sheriff, to H. L. W. Hill was proper, as the loss of the original was properly accounted for. We are also of the opinion that the Chancellor properly admitted a certified copy of the deed of Pleasant H. Rogers, Administrator, to H. L. W. Hill, executed and registered in 1839, because it appears that complainants are claiming under general warranty deeds and are therefore not presumed to have these title papers. See Sampson v. Marr, supra; Anderson v. Walker, supra; Fielder v. Pemberton, supra. This assignment must be overruled.

The sixth assignment of error that the Chancellor erred in admitting a copy of the certificate of Entry No. 2772, is not well taken and must be overruled, because immaterial, and also because the parties agreed that it might be filed in this case. The parties agreed to file a copy of the Entry and appellant insists that the Entry was special, which we think is immaterial, hence we fail to see the force of this assignment.

The eighth assignment that the Chancellor erred in not excluding the second depositions of N. M. Hill, Virgil Hill and perhaps others, taken without an order of the court, in so far as they were in chief, without pointing out what evidence was in chief must be overruled, because said exceptions are too general, and do not point out any questions or answers in chief.

It results that the decree of the Chancellor must be affirmed, and a decree will be entered here holding that the respective complainants have the legal title and will recover the respective tracts, the injunctions will be made perpetual and writs of possession will issue if necessary upon demand. The costs of the cause, including the cost of the appeal, is decreed against the appellant and the sureties on his appeal bond, for which execution may issue.

Faw, P. J., and DeWitt, J., concur.