Woods *v.* Bonner.

WOODS *v.* BONNER.

(*Knoxville.* November 7, 1890.)

1. EJECTMENT. *Outstanding title. Abandonment.*

The burden is upon the plaintiff in ejectment to prove abandonment of an outstanding title relied upon in defense. Affirmative proof of abandonment is required. The proof in this case is not sufficient.

2. SAME. *Same. Admissible under general denial.*

The defense of outstanding title is admissible under a general denial of complainant's title in an answer to an ejectment bill, and need not be specially set up in the pleadings.

Cases cited and approved: Walker *v.* Fox, 85 Tenn., 154; Bleidorn *v.* Pilot Mountain C. & M. Company, *ante*, p. 166; Howard *v.* Massengale, 13 Lea, 585.

(See Code, § 3963 (M. & V.); § 3239 (T. & S.).

3. DEED. *Registration. Certificate of acknowledgment.*

Registration of deed for land in this State is void when made upon an acknowledgment by the maker taken and certified by a Justice of the Peace in and for another State.

Code construed: §§ 2853, 2863 (M. & V.); §§ 2040, 2050 (T. & S.).

4. SAME. *Valid between the parties without registration.*

But the deed, when signed and delivered, is valid and effectual to pass title from the vendor to the vendee without registration or probate or acknowledgment for that purpose.

Code construed: § 2887 (M. & V.); § 2072 (T. & S.).

Cases cited and approved: Shields *v.* Mitchell, 10 Yer., 1; Grady *v.* Sharon, 6 Yer., 320; Carson *v.* Browder, 2 Lea, 701; Templeton *v.* Twitty, 88 Tenn., 595.

Woods *v.* Bonner.

5. SAME.  *Registration for twenty years.*

Twenty years' registration of deed in a county other than that in which the land lies does not operate to cure defective certificate of probate or acknowledgment.

Code construed: §§ 2843, 2898 (M. & V.); §§ 2032, 2084 (T. & S.).

6. SAME.  *Proof of as an ancient document.  General rule.*

An unregistered deed over thirty years old is admissible in evidence without proof of its execution.  Its due execution is presumed, and the subscribing witnesses, though living and present, need not be called to establish that fact.  It is essential, however, that the deed be found in the proper custody, and be free from any suspicion as to its genuineness.  It is not necessary that possession under the deed be proved.

Case cited and approved: 117 U. S., 263.

7. SAME.  *Same.  Copy admissible, when.*

Where the production of the original of such ancient document cannot be legally enforced, a certified or proven copy thereof may be adduced in evidence.

8. SAME.  *Covenants passing after-acquired title.*

If, after making deed with covenants of general warranty for land to which the vendor has no title, he acquire title to the land previously conveyed, that after-acquired title will pass to the vendee by operation of the covenants of his deed.

Cases cited and approved: Robertson *v.* Gaines, 2 Hum., 383; Henderson *v.* Overton, 2 Yer., 394–398; Gookin *v.* Graham, 5 Hum., 480; Birdwell *v.* Cain, 1 Cold., 303; Susong *v.* Williams, 1 Heis., 630.

---

FROM SEQUATCHIE.

---

Appeal from Chancery Court of Sequatchie County.  W. H. DeWitt, Sp. Ch.

BROWN & SPEARS and C. D. CLARK for Woods.

FRANK SPURLOCK and THOS. C. LIND for Bonner.

CALDWELL, J. This is an action of ejectment, brought in the Chancery Court of Sequatchie County, by George Bruce and the heirs of William Wyatt, deceased. They deraign title (Bruce to one-fifth and the other complainants to four-fifths undivided interest) through several *mesne* conveyances back to grant No. 3379, issued to Lewis Scarlett in 1834 for 5,000 acres. The defendants claim under certain deeds and adverse possession connecting them with junior grants Nos. 7914, 7915, and 10215, aggregating 5,000 acres in one body—the first two issued to Thomas Montgomery in 1840, and the last to Jacob Woodlee in 1849.

In the two bodies of 5,000 acres each there is an interlap of 1,759½ acres. To recover possession of this interlap, complainants filed this bill. In the progress of the cause in the Court below they admitted the superior title of the defendants to 332½ acres of the interlap, and decree was entered accordingly; but on final hearing complainants recovered the other 1,427 acres of the interlap— Bruce one-fifth and Wyatt's heirs four-fifths undivided interest.

Both complainants and defendants have appealed, the former from so much of decree as adjudged costs against them and as overruled certain exceptions to the deposition of Charles E. Maurice, and

the latter from the general decree in favor of complainants as to the 1,427 acres of land.

The last deed in the chain of title produced by Wyatt's heirs was executed by John E. Narcross to William Wyatt, October 25, 1839. It recognized no interest in George Bruce, the other complainant, but purported to convey substantially the whole of the 5,000 acres covered by the grant to Lewis Scarlett.

The defendants sought to establish an outstanding title to all this land in Charles E. Maurice, by proving that William Wyatt sold and conveyed it to him on January 11, 1856. To make this proof, the deposition of said Maurice, with a copy of the deed attached as an exhibit, was offered as evidence on the hearing. Complainants filed ten exceptions to the deposition; five of them were overruled, five sustained, and the deposition and exhibit excluded.

All questions were saved by proper bill of exceptions, and the defendants assign error on the action of the Chancellor in excluding the deposition. The exceptions sustained present three grounds of objection to the evidence: (1) That there was no proof that Maurice had not abandoned his title; (2) that defendants had not pleaded an outstanding title; (3) that the evidence was inadmissible for reasons stated. None of these exceptions were well taken.

*First.*—As to abandoned title, it is sufficient to say that the law presumes a vendee of land to

claim his rights under his deed until the contrary is made to appear affirmatively. The burden of showing abandonment of title is on the party alleging it, and the fact must be shown by clear and satisfactory proof. The person in whom the record shows the title to have been regularly vested is not required to prove that he has not abandoned it. In this case there is no proof whatever of abandonment. Maurice received his deed, had it registered, and still holds and preserves it as evidence of his title. There is greater reason for supposing that complainants abandoned their claim of title before the commencement of this suit. Bruce took his deed in 1839, and is not shown to have asserted any claim under it until the filing of this bill in 1888. William Wyatt took his deed in 1839, and held it, without more, until his death many years thereafter. He, like Bruce, took no possession and paid no taxes. Some of his children say that he claimed to own land in Tennessee up to his death, but more is not shown; and since his death, until the filing of this bill, his heirs are not shown to have asserted any claim to the land—to have exercised any of the privileges or borne any of the burdens of ownership.

*Second.*—It is true that defendants did not set up defense of outstanding title in their answer or by plea; but it is not necessary that outstanding title should be pleaded. *Walker* v. *Fox*, 1 Pickle, 154; *Bleidorn* v. *Pilot Mountain C. & M. Company,*

*ante*, p. 166. It is a matter of evidence going to defeat the indispensable averment by complainants of legal title in themselves. They must recover, if at all, on the strength of their own title, and not on the weakness of that of the defendants. If defendants can show outstanding title in a third person, they thereby disprove the case of complainants, which they may legitimately do on the hearing without pleading the fact at all.

In their answer the defendants denied that complainants were the owners of the legal title, averred their own title, and pleaded the statute of limitations. The controlling question was one of title. Complainants affirmed, defendants denied. The proof offered was responsive to the issue. We recognize the fact that the defense of outstanding title is not favored, as stated in *Howard* v. *Massengale*, 13 Lea, 585; yet it is a good defense when made out, and it need not be specially pleaded.

*Third.*—Three exceptions to the admissibility of the deed from William Wyatt to Maurice were sustained as follows: That its execution was not properly acknowledged by the vendor; that it was not proven by subscribing witnesses; and that the deed had not been registered in such a manner as to cure the defective probate. The deed seems to have been acknowledged by the maker before a Justice of the Peace of Pennsylvania, without more. No other certificate than that of the Justice is attached, and the execution is not proven

by subscribing witnesses. Hence, there appears to have been no proper probate or authentication of the deed under the registration laws of this State. Code (M. & V.), §§ 2853 and 2863.

But those objections go only to the matter of proper preparation of the instrument for registration, and do not touch the question of its sufficiency to pass title from vendor to vendee as between themselves. It is well settled that a deed is effective, as between the parties and their heirs, without registration, or proof for registration, either by subscribing witnesses or by acknowledgment of the maker. Divestiture and revestiture of title, as between them, may be perfected by a proper deed merely signed and delivered. Code, §.2887; 10 Yer., 1; 6 Yer., 320; 2 Lea, 702; 3 Tenn. Ch., 523; 4 Pickle, 595.

The registration of this deed for more than twenty years did not cure the defective probate, because the registration was made in Grundy County, and not in Sequatchie County, where the land lies. The statute perfects the defective probate only when the instrument is registered in the county where the land is situated. Code, §§ 2843 and 2898.

Therefore, the present deed is no better and no worse for having been registered so long a time. Yet, as has just been seen, the question of registration, or probate for registration, is entirely immaterial in this case.

The heirs of William Wyatt claim four-fifths of

27—5 p

this land. His deed bound him and them without probate or registration. It would not have been so as to his creditors or as to innocent purchasers. Code, § 2890.

Thus it is made manifest that none of the five exceptions sustained by the Chancellor were well taken, and that all of them should have been overruled.

A question of more difficulty is whether he should not have sustained the other five exceptions which were overruled. From his action in this behalf, complainants appealed. The point and substance of those exceptions is that the deposition of Maurice, and exhibit thereto, should be rejected, because only a *copy*, and not the *original* deed, is produced.

Under the facts already recited, and in the absence of formal authentication of this deed, defendants contend that it may be proven as an ancient paper, and so used as evidence in this case. Complainants say that this cannot be done, because the original deed is not presented in Court. The general rule is that a private deed over thirty years old, as is the one before us, may be admitted in evidence without proof of its execution; that, being an ancient document, its due execution is presumed, and the subscribing witnesses, though in fact living and present, need not be called to establish the fact—provided the instrument be found in the proper custody, and is free from suspicion as to its genuineness. 1 Greenleaf

on Evi., Secs. 21, 144, and 570; 1 Wharton on Evi., Sec. 732; *Applegate* v. *Lexington, etc., Mining Co.*, 117 U. S., 263.

Learned counsel for complainants insist, and it has frequently been held, that accompanying possession under the deed must also be shown before it can be admitted in evidence as an ancient instrument without proof of its execution; but this view is contrary to the weight of authority, and cannot be sustained on principle. 1 Wharton on Evi., Secs. 199 and 733; 1 Greenleaf on Evi., Secs. 21 and 144, note 1.

In the discussion of the admissibility of ancient documents as evidence without proof of execution, the text-writers and Courts have generally, if not universally, referred to cases in which the original instrument itself, and not a copy, has been produced. Here only a copy is offered, and the question is whether or not it may be used as evidence of the facts recited.

Maurice was a non-resident, and gave his deposition in Arkansas. He testified that he bought this land from William Wyatt, paid him for it, and took his deed of conveyance on January 11, 1856; that he had the deed registered in Grundy County, February 5, 1856; received it back from the Register, and has ever since held and owned the deed, and has never parted with his title to the land. It is admitted that this deed covers the land sued for by the complainants in this cause. When his deposition was taken, Maurice had the

original deed in his possession, but he refused to part with it or to permit its use as evidence. The defendants were powerless to compel its surrender. So they procured a certified copy from the Register's books, and presented that to Maurice, and requested that it be compared with the original. He made the comparison with the original in his hands, and pronounced them the same, except as to erroneous spelling of some names in the copy, which he corrected, and which we see were entirely immaterial. The defendants found the original in the proper custody. No suspicion attaches to it. Being unable to produce it in Court because the owner would not surrender it, they bring a copy, whose correctness is certified by the Register and sworn to by Maurice. The latter makes the copy, thus certified and proven, an exhibit to his deposition. Complainants, by their counsel, were present and cross-examined Maurice; yet they failed, by that means or in any other way, to cast any suspicion on the deed. They had an opportunity of inspecting the original, and no doubt did so, and if there had been any thing suspicious about it, we may fairly presume they would have shown it in some legitimate manner. The age of the paper is demonstrated by the fact of registration, though not in the proper county, for thirty-two years before this suit was commenced.

The defendants seem to have done all in their power to procure the original deed, and, failing

to obtain it, they bring a certified and proven copy. Manifestly, this is the *best available* evidence. As such it was competent, and should have been admitted. It is plenary in establishing outstanding title in Maurice, and defeats the action of the heirs of his vendor, William Wyatt.

Though embracing all the land claimed by those heirs, and that claimed by Bruce as well, the deed from Wyatt to Maurice does not defeat Bruce, who claims under an older and different deed. Gilbert conveyed an undivided one-fifth interest in the 5,000 acres to Bruce, April 4, 1839; and afterward, on September 11, 1839, Gilbert conveyed the whole of it to Narcross, not noticing his previous deed to Bruce. On October 25, 1839, Narcross conveyed the same land to Wyatt, who conveyed it to Maurice, January 11, 1856. None of these conveyances divested Bruce of his title to an undivided one-fifth interest in the land. Hence, the deed from Wyatt to Maurice does not establish an outstanding title as against Bruce.

From an inspection of these and other conveyances it is discovered that Gilbert, Bruce's vendor, did not himself acquire title to any part of the land until September 6, 1839, five months after his deed to Bruce; but the fact that Bruce did not acquire title when he received his deed is immaterial. Having made Bruce a deed with general covenants of warranty, Gilbert's title, when acquired, inured to Bruce's benefit, and his title was thereby perfected under his deed by relation.

Rawle on Covenants for Title (4th Ed.), pp. 384, 390, 391, 392; *Robertson* v. *Gaines*, 2 Hum., 383; *Henderson* v. *Overton*, 2 Yer., 394–398; *Gookin* v. *Graham*, 5 Hum., 480; *Birdwell* v. *Cain*, 1 Cold., 303; *Susong* v. *Williams*, 1 Heis., 630.

The defendants excepted to the evidence of Bruce's title in the Court below, on the ground (as stated in the exception) that a copy of his deed was produced without accounting for the absence of the original. The overruling of that exception and the admission of the evidence tendered are here assigned as error. The assignment is not well made. It does not appear from the record that a copy was in fact used. On the contrary, the instrument copied into the transcript seems to have been the original deed itself.

Let the decree be affirmed as to Bruce, and reversed and the bill dismissed as to William Wyatt's heirs, the other complainants.

Wyatt's heirs will pay two-thirds and the defendants one-third of all costs.