LOWRY  v.  WHITEHEAD.

(*Knoxville.* November  14,  1899.)

EJECTMENT.  *Plaintiff's title.*

The plaintiff in ejectment must show a perfect title to recover even against a defendant who has no title or is a naked trespasser. He cannot recover upon comparison of titles with the defendant.

Cases cited: King v. Coleman, 98 Tenn., 570; Hubbard v. Godfrey, 100 Tenn., 156; Garrett v. Belmont Land Co., 94 Tenn., 479.

FROM  HAMILTON.

Appeal in error from the Circuit Court of Hamilton County. FLOYD ESTILL, J.

WHITE & MARTIN for Lowry.

SAMUEL BOSWORTH SMITH for Whitehead.

WILKES, J. This is an action of ejectment for about one acre of ground which appears to be worth some $20. The contestants are colored people, and the controversy, upon its merits, turns upon the question of locating the lot. The plaintiff was successful below, and defendant has appealed, and assigned errors. They claim from a

common source of title, one Eaton Hawkins. Eaton owned a large field covered with briars and sedge-grass. In 1891, he sold an acre of it to Mamie, and, in 1895, he sold another acre to Joseph. Joseph took possession of his acre, cleared it up, dug a well, and set out some fruit trees. Mamie did not see her lot till 1898, when she went to look for it, and claimed as hers the lot Joseph had improved. Joseph insists that he is on his own lot, and Mamie's lies next to it and west of it.

Upon the question of the location of the lot there is a sharp conflict of testimony, but it is sufficient to say that there is evidence to support the verdict, and, under the rule, this assignment is not good.

The trial Judge charged as follows:

"The simple question for the jury to determine in this lawsuit is whether the plaintiff or defendant has the best title to the lot in question." This is error. A trial in ejectment cannot be decided upon a comparison of titles. The plaintiff must recover upon his own title, even if the defendant has no title, and is a trespasser. *King* v. *Coleman,* 14 Pick., 570; *Hubbard* v. *Godfrey,* 16 Pick., 156; *Garrett* v. *Belmont Land Co.,* 10 Pick., 479.

And it is error to instruct the jury that they may compare titles and find the best. *Walker* v. *Fox,* 1 Pick., 164.

Without passing upon other errors assigned, the judgment for this error must be reversed. Probably the trial Judge meant that the jury must decide whose title papers covered this land, referring to a question of identification and not to one of title. But the language used is plain. The cause is remanded for a new trial, and appellee will pay costs of appeal.