DEMARCUS v. CAMPBELL et al.—65 S. W. (2d) 876.

Eastern Section. January 21, 1933.

Petition for Certiorari denied by Supreme Court, June 24, 1933.

Child & Ailor, of Knoxville, for appellants.

Vertrees, Taylor & Hall and Green, Webb & Bass, all of Knoxville, for appellee.

CASSELL, S. J. Bill in the chancery court of Union county by J. T. Demarcus against Will Campbell, a deputy sheriff of Union county, and M. C. Hale of the same county. It is stated that the complainant is the owner of certain land in district No. 4, Union county, containing 75 acres, and that one R. D. Taylor, an alleged guardian of Nancy Cox, in June, 1929, filed an original bill in the county court of Knox county for the purpose of selling certain lands in both Knox and Union counties for the support of said Nancy Cox, who was alleged to be a lunatic. The bill was filed against Nancy Cox alone, and avers that on December 7, 1929, an order for the sale was confirmed by the court on 29th of January, 1930, title was divested out of Nancy Cox and vested in said M. C. Hale. It was further stated that at the time of the filing of the bill, and entry of order of sale, and confirmation thereof, in fact during the pendency of all the proceedings, complainant Demarcus was in open, notorious and adverse possession of the said tract of land claiming same by virtue of a registered color of title. It was also alleged that a part of said land was purchased by complainant from Rachel Beets and Nancy Cox by deed dated April 10, 1907, and recorded in the office of register of Union county, and the balance of the land was conveyed to him by deed

from Conrad and Elmo Cox by deed dated March 19, 1918, and registered in the registry of deeds of Union county on June 22, 1922, and the complainant went into possession of said property at the time of the conveyances to him and he has had members of his family living in the house on said land since the purchase of the same. It was also alleged that his possession was open, notorious, and adverse to the whole world and was so at the time of the alleged sale in the county court of Knox county and the purchase of same by Hale.

Complainant then pleads the statute of seven years, under color of title and has filed his deeds as exhibits to the bill. It is further alleged that the defendant Campbell, deputy sheriff, is about to forcibly eject complainant from his said property and throw his household goods out in the road and place the said M. C. Hale in possession thereof.

A writ of injunction was prayed and granted to enjoin the execution of the writ of possession. The answer filed by the deputy sheriff Campbell stated that he executed the writ of possession and dispossessed the persons living on the property on March 12, 1930. The defendant Hale answered and admitted that one R. D. Taylor, guardian of Nancy Cox in the county court of Knox county, had had the land sold for the support of Nancy Cox, a lunatic confined in one of the institutions for the insane at Knox county, and that by the decision of the county court of Knox county he became the purchaser of the lands described in the original bill and owner of the same. It is denied that complainant was in open, notorious, and adverse possession of the land under color of title by registered deed; however, he avers that the deed mentioned by the complainant in the bill obtained from Beets and Cox was not put on record until February 11, 1930, which was after the sale of the property had been confirmed by the county court of Knox county on January 30, 1930. Defendant further says that Nancy Cox was the rightful owner of the property, that she was insane at the time she became the owner, and that she has remained so since. As to the other tract of land it is averred that this court had already adjudicated in another case that Elmo and Conrad Cox had no title to the tract of land until after the death of their mother, Nancy Beets Cox, and that J. T. Demarcus had no legal or equitable interest in the land.

A cross-bill was filed in the case by defendant Hale in which it is alleged that, after J. T. Demarcus had been ejected from the land, J. T. Demarcus and Troy Demarcus wrongfully entered the land again and are trespassing on his property. Cross-bill prays for relief and for an injunction against J. T. and Troy Demarcus to restrain them from trespassing on his land. An exhibit was filed to the cross-bill which consists of a decree confirming sale, also a

report of sale, and purports to divest title out of Nancy Cox and vest it in M. C. Hale.

The chancellor on November 16, 1931, decreed that the complainant was entitled to relief sought in the original bill, and that defendant and cross-complainant were not entitled to any relief under the cross-bill, and suit was dismissed.

The injunction issued against the deputy sheriff which enjoined him against executing the writ of possession was made perpetual, and from this decree the appellant was granted a writ of error which was filed in the court on July 20, 1932, and errors are assigned by the defendants to the chancellor's action as follows:

"1. The chancellor erred in decreeing that the complainant Demarcus is entitled to the relief sought in his original bill.

"2. The chancellor erred in decreeing that the defendant and cross-complainant Hale is not entitled to any relief under his cross-bill and in dismissing said cross-bill.

"3. The chancellor erred in decreeing that the injunction granted in complainant's favor upon the filing of the cross-bill be made perpetual.

"4. The chancellor erred in decreeing that the sale of the land in question by the county court of Knox county was null and void.

"5. The chancellor erred in decreeing that the defendant and cross-complainant Hale be perpetually enjoined from setting up any claim to said land based on said decree of sale."

The only depositions taken in the case were those of J. T. Demarcus and W. M. McCoy. Demarcus states that he lives in Union county and knows M. C. Hale and the deputy sheriff, Will Campbell. Demarcus states that on or about the 1st of April the deputy sheriff served a writ of possession on him, but he had owned the tract of land in the Fourth civil district of Union county since 1917 and would file a copy of the deeds as an exhibit to his deposition which, however, he did not do. That he went into possession of the land in 1917 and got his deed two or three years afterwards. The property had an old house on it, and part of the land was put under cultivation. He says that they built a boxhouse on it about seven years before he gave his deposition, and that he was in possession of the property at the time original bill was filed in the case of Robert D. Taylor, Guardian, v. Nancy Cox, in the county court of Knox county on June 24, 1929, and said his son Troy Demarcus was living at the house at that time and is still living there. He said that at the time Hale knew he had possession of the land, as he was his neighbor and lived about one-half mile away. He further stated that A. E. and A. C. Cox got title to the land through their mother, and that they built a house on this land about seven years before the present suit; that all the land was not under fence, but some of it was being pastured with cattle.

Witness McCoy stated that he is the son-in-law of J. T. Demarcus, having married his daughter in 1919, and that the house was built about three years afterwards; that he moved out in 1929, and that J. T. Demarcus moved in and has lived there continuously ever since.

We will first dispose of the motion filed by complainant J. T. Demarcus, to dismiss the case:

"Comes the complainant, J. T. Demarcus, and moves the court to dismiss this cause, for the reason that no appeal was perfected from the chancery court of Union county within the time provided by law, and for the reason that the same is, therefore, not properly before this court for any action at this time.

"Thurman Ailor, Solicitor."

This motion is overruled because a petition for a writ of error was filed within a year after the decision of the lower court, and in such cases notice of the granting of the petition is issued by the clerk and no notice of the granting of the writ except by the clerk is necessary. Complaint is made that the assignments of error are not sufficient in themselves in that they violate rule 20 of this court, it being said that said assignments do not conform to this rule because they do not point to the requisite portions of the record in the case to sustain the assignments, nor do they set out why and how the lower court erred. Ordinarily this assignment would be good, but there is attached to these assignments, and as a part of the same, a fourteen-page brief which, we believe, fully complies with rule 20, in that it sets out in various quotations from the record the evidence relied on to sustain these assignments and where in the record the evidence was found. The brief also points out the contentions of the appellee and reasons why the assignments of error should be sustained. Under our holdings the brief being filed at the same time that the assignments of error were filed and being in fact one paper, all being bound together under one cover, we are satisfied that the same fully complies with such provisions, and motion is overruled. See Wallace v. Goodlett, 104 Tenn., 671, 58 S. W., 343, where the following language is used:

"Assignment of Errors. Sufficient, when.

"When an assignment of error, which is not in itself specific and definite, is accompanied by a brief that is full, definite, and explicit, the two papers will be taken and considered as one, and together constitute a sufficient compliance with the rule of this court as to assignments of error."

The bill in this case is really an ejectment; the gravamen of the bill is that complainant is in possession of certain lands under color of title, and that the defendant has obtained a writ of possession on a proceeding in the county court of Knox county wherein it is alleged the appellee was not a party and is about to execute

the same and put the appellee out of possession of the property and an injunction is sought to prevent the complainant from being dispossessed. We think this is true, especially in view of the fact that the complainant below claimed title under deeds and adverse possession for seven years, and, furthermore, it appears in the record that the writ of possession had already been executed against complainant below and he had actually been dispossessed.

In an ejectment suit "the complainant must show a valid subsisting legal or equitable interest in the real property sued for, and the right to the immediate possession thereof; and, if the defendant is not in possession, must, also, show that he, the defendant, is claiming an interest therein, or was exercising acts of ownership thereon when the bill was filed." Gibson, Suits in Chancery, section 1047.

In order to show legal title in the case at bar a color of title must be proved in order to ripen the title by seven years' possession. In this case the complainant was called upon to produce his deeds and present them as exhibits so they might be examined, but he did not do so, and he does not show seven years' possession of the land by any affirmative proof, but the nearest he comes to it is that he says he has been in possession "about seven years." Neither does he show what part is under fence and what is not.

In order to recover land in ejectment, proof as to the fact of a possession must be shown by evidence that is clear and convincing, and that is not done in this case. The complainant below wholly fails to show seven years' possession by such proof as conforms with our decisions. Complainant did not deraign his title from the state or from a common source, but relies wholly on certain alleged deeds which he does not exhibit for the inspection of the court; complainant below claims title by possession under said alleged deeds, the duration of which is uncertain and is not positive as required by our courts. "Plaintiff must Prove Title in Himself.—To eject the possessor of land or to remove a cloud from title, the plaintiff must aver and prove title in himself. King v. Coleman, 98 Tenn. (14 Pickle), 561, 40 S. W., 1082; 40 L. R. A. (N. S.), 883, note; 46 L. R. A. (N. S.), 507, note; Clay v. Sloan, 104 Tenn. (20 Pickle), 401, 58 S. W., 229.

"Even as Against a Naked Trespasser.—In ejectment the plaintiff cannot recover, even against a naked trespasser, without proof of a perfect title. He cannot recover upon proof of registered color of title and adverse possession thereunder, accompanied by payment of taxes on the land, for a period of less than seven years. Hubbard v. Godfrey, 100 Tenn. (16 Pickle), 150, 47 S. W., 81; 11 L. R. A. (N. S.), 788, note; 46 L. R. A. (N. S.), 508, note.

"And Equitable Title will Not Avail.—Hopkins v. Toel's Heirs,

62

23 Tenn. (4 Humph.), 46; Langford v. Love, 35 Tenn. (3 Sneed), 308; Edwards v. Miller, 51 Tenn. (4 Heisk.), 314.

"He may Show Title Either by Grant or Adverse Possession.— Legal title to support an ejectment suit may be acquired in one of three ways. First, by connected chain of conveyance deraigned from either the State of Tennessee or North Carolina; second, by operation of the first section of the statute of limitations, that is seven years adverse possession under a registered assurance of title where the land had been granted by the state of Tennessee; and third, by twenty years adverse possession, which in legal contemplation is an assurance of title. Scruggs v. Baugh, 3 Tenn. App. 256. For other cases supporting this statement, see 3 Enc. Dig., p. 570; 1 Cum. Supp., p. 888." Michie's Tennessee Code of 1932, sections 9118 (3229) II.

 "In ejectment the plaintiff must recover upon the strength of his own title, not upon the weakness of his adversary's. Walker v. Fox, 85 Tenn., 154, 2 S. W., 98; Evans v. Land Co., 92 Tenn., 348, 21 S. W., 670; Winton v. Rodger's Lessee, 2 Tenn., 185; Waterhouse's Lessee v. White, 2 Overt., 334; Huddleston v. Garrott, 22 Tenn., 629; Coal Creek Min. & Mfg. Co. v. Ross, 80 Tenn., 1; Woods v. Bonner, 89 Tenn., 411, 18 S. W., 67; Wilson v. Wilson, 137 Tenn., 590, 195 S. W., 173; Keel v. Sutton, 142 Tenn., 341, 219 S. W., 351.

"To eject the possessor of land or to remove a cloud from title, the plaintiff must aver and prove title in himself. King v. Coleman, 98 Tenn., 561, 40 S. W., 1082. See Hubbard v. Godfrey, 100 Tenn., 150, 47 S. W., 81. The plaintiff in ejectment must show a perfect title to recover even against a defendant who has no title or is a naked trespasser. He cannot recover upon comparison of titles with the defendant. Lowry v. Whitehead, 103 Tenn., 396, 53 S. W., 731; Hubbard v. Godfrey, 100 Tenn., 150, 47 S. W., 81." Crawford's Tennessee Digest, vol. III, p. 2193.

For these reasons the decision of the lower court is reversed, and bill dismissed. The cost of this court and the lower court will be taxed against the appellee, J. T. Demarcus.

Portrum and Thompson, JJ., concur.