RODDY MFG. CO. et al. v. DIXION et al.—105 S. W. (2d) 513.

Eastern Section. December 19, 1936.

Rehearing denied February 20, 1937.

Petition for Certiorari denied by Supreme Court, May 1, 1937.

J. B. Wright and John Jennings, Jr., of Knoxville, for plaintiffs in error Roddy Mfg. Co. and S. M. Delap.

Gordon Bowers, of Sevierville, and R. R. Kramer and Green, Webb & Bass, all of Knoxville, for plaintiffs in error Blount Ice Co. and Roy Cooper.

Hartman, Hartman & Doughty, of Knoxville, and R. S. Seaton, of Sevierville, for defendants in error Lalee and R. L. Dixon.

McAMIS, J.   These two suits grow out of a collision between an ice truck, belonging to Blount Ice Company, in which plaintiff below Lalee Dixon was riding as a guest, and a Coca-Cola truck belonging to Roddy Manufacturing Company. R. S. Dixon also sued for loss of services. Judgments went against the owners and drivers of both trucks jointly, and all have appealed in error to this court. We shall herein refer to the parties by name or as plaintiffs and defendants.

Counsel for plaintiffs have moved the court to strike the bill of exceptions as incomplete and to strike the assignments of error as insufficient to comply with the rules of the court. There was a rather full discussion of the first of these motions between the court and counsel during the argument of these cases, and we think there is no occasion to discuss it at great length in this opinion. From a reading of the record and a consideration of exhibits and photographs, we have a clear conception of the collision, the cause of it, and the position of the trucks upon the highway; and, since it is not shown that the toy trucks used at the trial were scaled in size to the map in connection with which they were used and were used only to demonstrate the position of the trucks on the highway, we do not think it may be fairly said that the bill of exceptions is incomplete because they were not incorporated therein. If they had been included within the bill of exceptions, they would be of no aid in the trial of the case here, since there is nothing in the record from which we may determine their position on the map during the examination of witnesses, and the motion to strike is without merit.

As to the motion to strike the assignments of error, we think

it must likewise be overruled. The assignments of both defendants are supported by comprehensive briefs citing pages of the record in support of the questions raised which cure any infirmities in the assignments proper. Pigg v. Houston & Liggett, 8 Tenn. App., 613; Demarcus v. Campbell, 17 Tenn. App., 56, 65 S. W. (2d), 876.

■ The motion to strike from the record two toy trucks or automobiles identified by the trial judge as used on the map during the trial before the jury is sustained for the reason these objects were not filed as exhibits to the testimony of any of the witnesses and hence did not become a part of the record.

Both defendants and the drivers of their respective trucks who were named defendants in these cases and who are also plaintiffs in error here have assigned as error that there is no evidence to support the verdicts and that the court erred in not directing a verdict in favor of defendants at the close of all the proof. These assignments may be jointly considered and disposed of, the two cases having been tried jointly by consent.

Plaintiff Lalee Dixon, a young man 19 years of age, at the time of the accident resided with his father on a rented farm in Loudon county on which farm he worked as a farm laborer. He testified that he had a grammar school education. At the time of the accident he was returning from a visit in Sevier county.

He or his cousin, Elmer Hilton, flagged the truck of defendant Blount Ice Company and he was given permission to ride to Maryville. The truck, driven by defendant Roy Cooper, was partially loaded with ice cut into large cubes and lying in an open bed to the rear of the driver's cab. Dixon seated himself on the floor of the truck bed beside the ice cubes with his back against the cab. In this position he was facing away from the direction in which the truck was going and could not see ahead without getting up and looking over or around the corner of the top of the cab.

Plaintiff testified that after going about a half mile he felt the driver Roy Cooper apply the brakes and that he then stood up and looked around the left corner of the cab. He says he then saw the truck of Roddy Manufacturing Company approaching about 30 feet away traveling about 30 or 35 miles per hour, and that it was then in the middle of the road, which position it maintained until the trucks collided. With respect to the ice truck in which he was riding, plaintiff testified it was on the right side of the highway in the direction in which it was going, running 15 or 20 miles per hour; the substance of his testimony being that it had gotten as far to the right as possible without going over an embankment on that side of the road.

When the collision occurred Dixon was thrown out of the truck and down a steep embankment on the right of the highway in the

direction in which he was traveling. As a result of the injuries thus sustained, he remembers nothing further that occurred in connection with the collision.

Plaintiff's testimony with respect to the location of the two trucks, and that the Roddy truck was upon its left side of the highway as it approached the point of accident and continued so until the collision occurred, is supported by the testimony of Roy Cooper and one Pennington, who was seated beside him in the cab, as well as by physical markings on the highway following the accident. It is shown that the traveled portion of the highway at this point is approximately 18 feet wide, and it would seem that the foregoing testimony would constitute material evidence to support the verdict of the jury, as to the Roddy Manufacturing Company and the driver of its truck, S. M. Delap.

However, it is earnestly insisted by counsel for said defendants that the physical facts incontrovertibly show that the collision occurred on the other side of the highway and while the Roddy truck was upon its proper side of the road. In support of this insistence they point to evidence that after the collision the rock bluff on that side of the highway showed physical evidence of having been struck by the Roddy truck and to a dent in the right front fender which it is said resulted from the fender coming into contact with the bluff. Reliance is also had upon testimony showing that following the accident tracks of the Roddy truck were seen for a distance of 50 feet or more within 2 or 3 feet of the bluff. Reference is also made to the fact that the brakes were set on the Roddy truck after the accident.

Much of the able brief filed in behalf of Roddy Manufacturing Company and Delap is devoted to an attempt to show from these physical facts that the testimony of plaintiff and his witnesses with respect to the location of the trucks is so palpably untrue that there is no evidence to support a finding that the Roddy truck was traveling upon the left side of the highway. We do not think this position may be sustained for two reasons. The first is that other physical facts support the testimony of these witnesses, viz., the marks on the highway and shoulder on the other side of the highway which tend just as strongly to show that the ice truck was where these witnesses say it was. Obviously, the diverse conclusions sought to be drawn from the physical facts cannot both find support from the proof in the record considered as a whole. It thus became the province of the jury to determine the credibility of these witnesses and arrive at such conclusion as it thought the more consistent with reason. Kemp v. Caruthers, 11 Tenn. App., 201.

In that case the testimony of plaintiff was contradicted by certain physical facts, but there were other facts which corroborated him and

the court held that the probative value of his testimony was for the jury.

In the second place, we do not think the physical facts relied upon are so palpably opposed to the testimony of plaintiff and his witnesses as to destroy its probative force. The dent in the fender could have been caused by the Roddy truck being deflected when the impact occurred. Such a possibility is supported by the fact that the dent in the rock bluff was only 8 feet back of the front end of the Roddy truck when it came to rest, and it is shown by the undisputed proof that the Roddy truck was not parallel with the road after the collision, its right rear wheel being about 3 feet from the bluff while the right front fender was over against the bluff. This circumstance indicates that the course of the truck had been changed before it came to rest.

Reliance is also had upon the position of the trucks and parts thereof found near the scene of the collision as well as the fact that plaintiff was projected over the embankment on the right. It is argued that, considering the weight of the two trucks, respectively, their position on the highway, etc., these objects, according to the laws of physics, would not have come to rest in the positions shown if the accident occurred as plaintiff and his witnesses say it did.

We think these were proper matters for the jury to consider, but we do not think they may be given the effect of destroying testimony to which the jury gave credence.

We therefore conclude that there is material evidence to support the verdict of the jury which implies a finding that the Roddy truck was upon the wrong side of the highway, and hence that its driver was negligent and that such negligence proximately resulted in plaintiff's injury. It results that there was no error in submitting the case to the jury as to said defendants unless plaintiff was guilty of such contributory negligence as bars a recovery as a matter of law. This question will be considered hereinafter.

We have seen that plaintiff and all of his witnesses place the ice truck upon the right side of the highway and they all testify that it was traveling only 15 or 20 miles per hour. It further appears from plaintiff's own testimony that when the Roddy truck appeared from around a curve the brakes were applied, and it is shown that when the impact occurred the ice truck had slowed to about 8 or 10 miles per hour. It is not now insisted, as we understand, that the driver of the ice truck was guilty of any actionable negligence except that he failed to sound his horn when the Roddy truck appeared. But whether or not we correctly understand the position of counsel in this connection, we think plaintiff is bound by this evidence, and unless the failure to sound the horn is evidence of negligence we think it must be said there is no material evidence to support the verdict against the Blount Ice Company and Roy Cooper.

As to the failure to sound the horn, there is no proof that this omission proximately contributed to the accident, since it is not shown that the driver of the Roddy truck was looking in another direction and failed to observe the approach of the ice truck. As a matter of fact Delap says he saw the ice truck but was unable to avoid it because, as he says, it was on his side of the highway.

Consideration should also be given to the fact that the driver of the ice truck had only a second or two in which to act after it appeared that there was about to be a collision. All of these facts appear without dispute from plaintiff's own testimony, and we do not think reasonable minds could differ upon this question. We are therefore of opinion the motion for a directed verdict should have been sustained as to Blount Ice Company and Roy Cooper. The motion will now be sustained and the suit dismissed as to said defendants.

In this view of the case it becomes unnecessary to consider other assignments of error made in behalf of said defendants, and we pass to a consideration of the question of contributory negligence.

It is insisted that plaintiff Lalee Dixon was guilty of negligence (1) in riding in the bed of the truck with heavy ice cubes which were likely to slide and injure him and (2) in riding with his back to the cab so that he could not keep a proper lookout ahead.

We think it is a sufficient answer to the first of these contentions that plaintiff was not injured as a result of ice cubes being in the truck bed but as a result of the collision between the truck in which he was riding and that of defendant. To bar a recovery the contributory negligence of plaintiff must have proximately contributed to his own injury.

As to plaintiff's negligence in riding with his back to the cab so that he could not keep a lookout ahead, we think this was also a question for the jury. If he had been standing instead of being seated we cannot say as a matter of law that he would have been able to save himself, and if he had been standing when the collision occurred it might have been argued that if he had been seated he would have been in less danger of being thrown out as a result of the sudden stopping of the truck. We think he had a right to assume that the driver of the truck would exercise care to avoid the ordinary dangers of the road, one of which is the negligence of drivers of other vehicles. Knoxville Ry., etc., Co. v. Vangilder, 132 Tenn., 487, 489, 178 S. W., 1117, L. R. A., 1916A, 1111; Tennessee C. Railway Co. v. Vanhoy, 143 Tenn., 312, 226 S. W., 225; Wilkins v. Malone, 13 Tenn. App., 648.

We may take judicial knowledge of the fact that hundreds of people ride in trucks not designed for passenger transportation upon the highways much in the position of plaintiff when he was in-

jured, and to hold that such conduct amounts to contributory negligence sufficient to bar recovery as a matter of law would in our opinion be a clear invasion of the province of the jury.

It is next insisted that the court erred in refusing to charge the following special request:

"I charge you that you can disregard and ignore the testimony of a witness which is inconsistent with the undisputed physical facts."

We do not think the charge tendered is an accurate exposition of the law in this state, where, as pointed out supra, other physical facts corroborate the testimony of such witnesses. In any event, the jury must consider all the evidence in the light of all the facts and circumstances and if, after such consideration, it finds the testimony inconsistent with surrounding circumstances, it may refuse to give it credence and, as held in Southern Ry. Co. v. Hutson (Tenn. Sup.), 91 S. W. (2d), 290, the trial judge may take the case from the jury upon the ground of the palpable untruthfulness of plaintiff's testimony only where its untruthfulness is so inherent that it contradicts itself or is obviously inconsistent with undisputed physical facts.

The trial judge cannot be put in error for refusing to give in charge special requests unless they are strictly accurate and we think there was no error in the action of the court in refusing to charge the special request here under consideration.

The same must be said of his refusal to charge the special requests set out under assignments six and seven.

The eighth assignment of error is predicated upon the action of the court in permitting plaintiffs to introduce in evidence bloody and torn articles of clothing worn by him at the time of the accident. It is insisted the exhibition of these articles was immaterial and tended to prejudice and influence the minds of the jury. We think this evidence was competent for the purpose of showing the violence with which plaintiff was thrown from the truck and the seriousness of his injuries.

"Inspection evidence . . . may range over any line of human activity, as building or mechanical trades, the medical or surgical profession, or nautical affairs. A frequent application of the rule is found in the production of the tools or implements with which a certain act was, or is claimed to have been done, or the clothing which was worn or which is claimed to have been worn by a person at the time of an occurrence in controversy." 22 C. J., 769, 770.

The ninth and last assignment of error is that the verdicts are so excessive as to evince passion, prejudice, and caprice on the part of the jury and that the court erred in refusing to grant a new trial upon that ground.

In the case of Lalee Dixon the jury returned a verdict for $15,000

which the trial judge reduced by remittitur to $10,000. In the suit for loss of services, medical expenses, etc., the father, R. L. Dixon, recovered a judgment for $1,500, which the court declined to reduce.

- Lalee Dixon suffered a cut on the right side of his nose; his left hand was mangled, necessitating the removal of the little finger; and he had a fracture of the metacarpal bone of the middle and index fingers. There is no proof that the cut on his nose left a permanent scar. As to the injuries to his left hand, in addition to the loss of the little finger, it is shown that he has a shortening of the index finger on that hand. The medical evidence is to the effect that there will be some limitation of the motion of the left hand and a permanent impairment in the strength of the left hand, particularly in gripping power.

The most serious injuries were in the left leg and hip. There were multiple fractures of the front and left side of the pelvis, a fracture of the acetabulum which is the cavity into which the thigh bone extends. The thigh bone was driven into the cavity about one-half inch, resulting in a permanent shortening of the left leg to that extent.

The proof shows without dispute that good unions were obtained in all of these fractures, both in the hand and leg. Dr. Penn, an orthopedic specialist, appears to have been the last physician to thoroughly examine plaintiff, who was brought to his office on October 5, 1935. At that time the wounds on the left hand had largely healed, the straps had been removed from the left leg, and it was about 50 per cent. normal. The knee and ankle were entirely normal. It was Dr. Penn's opinion that the motion of the leg would be entirely restored in time.

In the opinion of the physicians who testified plaintiff's only permanent injuries will be the partial loss of the use of his left hand referred to above and a one-half inch shortening of the left leg, with perhaps some discomfort in using the left leg. He will be able to plow and do other farm labor though he will not be able to do some farm work as efficiently as he did before the accident. At most we think his ability to perform farm labor which appears to be the only work he had done previous to the accident has not been reduced more than 50 per cent. as a result of his injuries. It is snown that farm labor of the kind in which plaintiff was engaged may be obtained for 75 cents or $1 per day and that plaintiff's earnings for the previous year were meager.

It is shown that good results were obtained in the treatment of plaintiff's injuries, and while they were of a painful nature, no more than the usual amount of pain and physical suffering in such cases resulted.

The circuit judge was of opinion the verdict of $15,000

in the Lalee Dixon case was so grossly excessive as to indicate passion, prejudice, and caprice upon the part of the jury and, as indicated, ordered a remittitur of $5,000. While the action of the trial court in ordering a remittitur is entitled to great weight upon appeal (Nashville Ry., etc., Co. v. Harrison, 5 Tenn. App., 22), the appellate court is not bound by his action in fixing the amount of the remittitur, and we think a further remittitur of $4,000 should be directed, reducing the verdict to $6,000. If not accepted the cause will be remanded for a new trial. If accepted, judgment will be entered here in the sum of $6,000 and costs.

     █ Allowing the trial court and jury the latitude in fixing the amount of the verdict in such cases, to which they are entitled, we cannot say that the verdict in the R. L. Dixon case is excessive and it will not be disturbed.

On Petition to Rehear and on Motion to File
Additional Assignment of Error.

Counsel for Roddy Manufacturing Company and S. M. Delap have filed a petition to rehear seeking a reversal of our previous holding that there is material evidence to support the verdict of the jury as to said petitioners but that there is no material or substantial evidence of negligence upon the part of Blount Ice Company and Roy Cooper which is within the scope of the pleadings.

     █ █ We gave full consideration to this case upon the original hearing when it was orally argued and exhaustively briefed by the respective parties. We find nothing in the petition to rehear which, in our opinion, could warrant the court in taking the case from the jury and directing a verdict in behalf of petitioners. Furthermore, we cannot be influenced by the fact that a heavier burden is thereby cast upon petitioners by reason of their said co-defendants being exonerated. If we were correct in holding that there is no material evidence of negligence upon the part of the driver of the ice truck which might have proximately contributed to plaintiff's injury, it then becomes the duty of the court to direct a verdict in behalf of the ice company and Cooper, regardless of the fact that the amount for which petitioners are liable may be thereby increased.

     █ █ A further consideration of this question has led us to conclude that we did not err in so holding. The reasons underlying this holding were set out in our previous opinion, wherein we attempted to point out the impossibility of both trucks being upon their proper side of the highway considering its width at the point of collision.

The only testimony which tends to place the Blount Ice truck upon its left side of the highway is that of Delap, but this testimony cannot be seized upon as material evidence to support a verdict

against the Ice Company and Cooper because such a theory of negligence is not within the scope of any of the charges of negligence set out in the declaration as against said defendants. We assume, therefore, that the jury and trial judge found said defendants liable under the only charge of the declaration against them which the evidence tended in any way to support, namely, failure to sound the horn. For the reasons set out in our previous opinion, we do not think there is any material and substantial evidence that such omission contributed proximately to plaintiff's injury and that the circuit judge should have directed a verdict in behalf of said defendants at the close of all the proof.

We find the petition to rehear without merit, and a rehearing is accordingly denied.

Roddy Manufacturing Company and S. M. Delap have moved the court for leave to file additional assignments of error. This motion was not filed until after the hearing and not until after final determination of the case in this court and comes too late. To adopt such a practice would result in endless confusion and delay and require the court to try cases piecemeal. The motion is accordingly overruled.

Portrum and Ailor, JJ., concur.