IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 7, 2003

**DONALD R. BRITT, ET AL. v. ROXANNE HOWELL**

**Appeal from the Chancery Court for Maury County**
**No. 02-162     Robert L. Jones, Chancellor**

---

**No. M2002-03070-COA-R3-CV - Filed December 30, 2003**

---

The parties are adjacent commercial landowners of two story buildings with the second floors of their buildings being serviced by a common stairway between the two properties. The dispute involves use of the stairway and storage closets under and over the stairwell. The trial court held that the stairway was a common stairway, owned in equal undivided interests by the parties as was the upper floor storage area. The trial court further held that the lower floor storage area belonged exclusively to Appellees. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right ; Judgment of the Chancery Court**
**Affirmed and Remanded**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, and FRANK G. CLEMENT, JR., JJ., joined.

Gary M. Howell, Columbia, Tennessee, for the appellant, Roxanne S. Howell.

Thomas W. Hardin, Columbia, Tennessee, for the appellees, Donald G. Britt and Jane G. Britt.

**OPINION**

The parties to this appeal are adjacent landowners. Donald R. and Jane G. Britt own and operate a business, building and lot described as 111 North Main Street in Mt. Pleasant (the Britt property). The adjacent landowner, Roxanne Howell, owns the business and lot known as 109 North Main Street (the Howell property). This appeal concerns the interior stairway located between the two buildings, and the closets above and below the stairwell. This stairway opens into the street and provides access to the second floor of both 109 and 111. When the Britts purchased 111 North Main, they engaged in some extensive renovation of the property. That renovation included installing a separate stairway to the second floor of their property accessible through the interior of the business. The warranty deed was executed on October 3,1996, and the renovation followed closely thereafter.

Mrs. Howell purchased her property by warranty deed executed by Howard Norvell Mangrum on August 1, 2001. Although the Britts had installed the interior stairwell in their own business proper, 109 had no such amenity, and the only access to the second floor of that building continued to be through the common stairwell. This stairwell consisted of one flight of stairs proceeding up and away from the street entrance. At the upper landing of that stairwell were three doorways - - one proceeding to the left into the second floor of the Howell property and two to the right accessing the front and back portions of the Britt property. From a position at the top of the stairwell looking towards North Main, one can see an approximately six-foot-wide area of walled off floor space. This space housed a closet accessible only from the Britt property. Underneath the stair risers was another storage area likewise accessible only through an undersized door in the Britt property.

On March 18, 2002, the Britts filed a Complaint for Ejectment, Damages and Injunctive Relief and Application for Restraining Order. In this Complaint the plaintiffs alleged that through their predecessors in title they gained adverse possession of the stairwell and closets. They averred that the defendant interfered with their possessory right in the stairwell and upper closet by causing a wall in the closet to be breached, a doorway to be constructed, and the closet to be subdivided in half. In their prayer for relief the plaintiffs sought an injunction requiring the removal of the door and drywall from the closet, restoration of the permanent wall between the closet and 109 North Main and a decree vesting title and right of possession of the stairway, closet and storage area be decreed to the plaintiffs. In addition, the Britts requested a permanent injunction prohibiting the defendants from "setting up any claim to, or doing any acts whatsoever to trespass upon the stairway, the closet and/or the storage area."

Roxanne Howell responded to the Complaint denying the Plaintiffs' adverse possession of the stairway, closet and storage area and counter-claimed to quiet title in those areas on her behalf, seeking a permanent injunction barring the plaintiffs from making any claim to title or in any other way interfering with her quiet enjoyment of the property. In support of her claim, Mrs. Howell averred adverse possession of the stairway and denied open and notorious holding of the storage areas in question on the part of the Britts. She also asserted that Plaintiff, had not paid taxes on the disputed areas for more than 20 years and were thus barred from bringing suit presumably under Tennessee Code Annotated section 28-2-110(a). The plaintiffs responded to the Counter-Claim with a general denial and alleged as affirmative defenses the failure of Ms. Howell to pay any state or county taxes on the disputed property for a period of more than twenty years, said failure being a bar to her recovery pursuant to the statute. The Britts asserted that they had paid taxes on the property and therefore had *prima facie* established a right to ownership pursuant to Tennessee Code Annotated section 28-2-109. The pleadings thus being joined, the trial court heard the matter on October 21, 2002, after which the court determined that both parties owned an undivided half interest in the stairwell, that the partition of the closet above the stairwell would remain in the status quo, and that the storage area underneath the stairwell was the sole property of the Britts. Said the trial court:

That the western most portion of the wall separating the property of Mr. and Mrs. Britt and Ms. Howell is a typical party wall; that said party wall appears to be in the center of the building and if extended it would be in the center of the stairwell and the stairway servicing the second floor portions of the building both on the side of Mr. and Mrs. Britt and on the side of Ms. Howell; that as a court of equity the Court cannot permit Ms. Howell to claim exclusive ownership of the stairwell or the closets above and below the stairwell because of the outside appearance of the building inasmuch as this would be substituting form over substance; that Ms. Howell is not entitled to relief or to deny the claim of Mr. and Mrs. Britt on the nonpayment of tax theory asserted in her pleadings and at trial of the cause inasmuch as the Court does not find that it was the intent of the legislature to deprive a landowner of property in a case such as this and the records are unclear and uncertain as to the payment of taxes, the Court has difficulty in knowing how the properties have been appraised and/or assessed, how square footage has been calculated, and how current events are affected by older tax rolls that the western most portion of the wall separating the property of Mr. and Mrs. Britt and Ms. Howell is declared to be a party wall; that the stairwell and stairway area shall be owned one-half each by Mr. and Mrs. Britt and Ms. Howell; that is to say, the Plaintiffs and the Defendant are vested each with a one-half undivided interest in the whole, with equal access to the stairwell and from this day forward with the equal responsibility for cleaning, repair and maintenance of said stairwell and stairway; that said stairwell shall be locked but that Mr. and Mrs. Britt as well [as] Ms. Howell will each have a common key to access the stairwell along with any tenant to the second floor of the building, including the current tenant of Ms. Howell; that Mr. and Mrs. Britt are vested with sole possession and all right, title and interest in and to the downstairs storage and/or closet area that extends underneath said stairwell; that because of Ms. Howell's expenditure of funds with respect to the stairwell and stairway area, the upstairs storage area or closet, that is the storage area or closet over the stairwell will remain as i[s], that is each party will have sole possession and all right, title and interest in and to that portion of the closet or storage space that is currently accessible by them, and the wall separating said closet storage area shall constitute a party wall dividing the property of Mr. and Mrs. Britt and the property of Ms. Howell; and in conformity with the foregoing Findings of Fact and Conclusions of Law, it is
ORDERED, ADJUDGED AND DECREED:

1.      That the portion of the west wall separating the building and property of Mr. and Mrs. Britt and the building and property of Ms. Howell is declared to be a party wall and the common boundary between the parties' respective properties in this area.

2.      The stairway area is declared to be a joint or common use area and title thereto is vested in Mr. and Mrs. Britt and Ms. Howell as tenants in common with each owning a one-half undivided interest therein. From this day forward, Mr. and Mrs. Britt and Ms. Howell and/or their successors in title shall be equally responsible for cleaning, maintenance and repair of the stairway and stairwell area.

Mr. and Mrs. Britt and Ms. Howell shall each have a key to the stairwell and it shall be locked at all times. Said key shall be to a lock utilized by both parties. Ms. Howell's current tenant shall likewise have a key to this lock and should Mr. and Mrs. Britt subsequently lease or rent a portion of their property, specifically the second floor, their tenant will likewise be entitled a key to said lock for egress and ingress on said stairway.

3. Mr. and Mrs. Britt shall have sole possession and are vested with all right, title and interest in and to the storage area and/or closet located beneath the stairwell and accessible from Mr. and Mrs. Britt's property.

4. Mr. and Mrs. Britt and Ms. Howell, respectively, shall have sole possession of the storage area and/or closet above the stairwell in accordance with its existing division, that is to say, Mr. and Mrs. Britt shall have sole possession, and all right, title and interest in and to the portion of the closet accessible by them from their property, and in turn, Ms. Howell shall have sole possession and all right, title and interest in and to the storage closet as accessible from her property. The center wall in said closet storage area is designated as a party wall.

5. No other damages are awarded or recoverable in the cause.

6. Ms. Howell's Motion for Sanctions is denied.

7. The costs of the cause are adjudged against Mr. and Mrs. Britt and Ms. Howell, equally.

From the Order of the trial court the defendant Roxanne Howell appeals, arguing as error the trial court's failure to dismiss the plaintiffs' claims pursuant to Tennessee Code Annotated sections 28-2-109 and 28-2-110 respectively, and in failing to quiet title to the stairway in Ms. Howell's favor.

Before proceeding to the appellant's issues, this Court is compelled to recognize the burden of proof placed upon any complainant in ejectment. A plaintiff suing in ejectment must succeed, if at all, upon the strength of his own title. *Keel v. Sutton*, 142 Tenn. 341, 219 S.W. 351 (1920).

This Court has more fully defined the burden placed upon a plaintiff in ejectment as follows:

> As has been held in numerous cases, the plaintiff in ejectment cannot recover even against a naked trespasser without proof of a perfect title. *See Demarcus v. Campbell*, 17 Tenn. App. 56, 65 S.W.2d 876 and cases therein cited.
>
> Under our authorities, there are four ways in which a party can become the owner of the legal title to land in Tennessee, as follows: (1) by a connected chain of title deraigned [sic] from either the State of Tennessee or North Carolina. (2) Deraignment [sic] of title to a common source. (3) By seven years adverse possession under a registered assurance of title where the land has been granted by the State. (4) By twenty years actual adverse possession, which is an assurance of title because it creates the presumption of a grant. *Walsh v. Rose*, 29 Tenn. app. 78, 193 S.W.2d 118.

*Welch, et al. v. ABC Coal Company, Inc.*, 41 Tenn. App. 208, 216, 293 S.W.2d 44, 48 (1956).

> Where a party bases his title or right to possession upon adverse possession the burden is upon him to sustain that contention. *Tipton v. Smith*, 593 S.W.2d 298, 300 (Tenn.App.1979); *see Teeples v. Key*, 500 S.W.2d 452, 457 (Tenn.App.1973). The evidence submitted by the party alleging adverse possession is strictly construed with every presumption being in favor of the holder of the legal title. *Moore v. Brannan*, 42 Tenn. App. 542, 558, 304 S.W.2d 660, 663 (1957).

*Bone v. Loggins*, 652 S.W.2d 758, 760 (Tenn.Ct.App.1982).

The parties stipulated to the entry of the chains of title of the Howell and Britt properties. The deed under which the Britts took title to 111 North Main contains the following description:[1]

> Being a business building and lot known as Irwin Insurance Company, property which is situated on the west side of North Main Street and fronts *27 feet more or less* thereon (North and South) extending in depth between parallel lines 60 feet in an East-West direction, being bounded on the North by former Mt. Pleasant Hardware property, now Couch's; on the East by North Main Street, South by Sneed Building (now Kennedy) and West by Howard property (now Byrd). The Northern boundary line of the above property is the middle of the wall of Mt. Pleasant Hardware, now Couch's. (emphasis added)

This deed, executed in 1965, concerned the same property described in an earlier deed. That deed, executed in 1933 and conveying an undivided one-half interest in the property from Kenneth Irwin as executor of the estate of Mattie Irwin to S. E. Irwin, contains the following description of the property:

> [S]aid property being situated in the 7th Civil District of Maury County and in the Town of Mt. Pleasant, Tennessee, fronting *23-1/3 feet* on the west side of North Main Street and extending back westwardly between parallel lines 60 feet to an alley way; and bounded on the North by the Mt. Pleasant Hardware and furniture Company, on the East by North Main Street, on the South by John Sneed and on the West by an alley way belonging to W.H. Kittrell and being the same lot or parcel of real estate described as Tract # 1 set out in said power of attorney, recorded in Book 187 page 289, R.O.M.C. (emphasis added)

None of these deeds make any reference to the stairwell and storage areas located on the property. Therefore, owing to this latent ambiguity in the description of the property, any possessor

---

[1] This court appreciates the action of the trial judge in identifying the use of the voluminous exhibits in this case contemporaneously with witness use of such exhibits.

of the property who seeks to enforce right of title through ejectment would of necessity bear the burden of showing adverse possession. As Appellant has pointed out,

> The adverse possessor has the burden of establishing by clear and positive proof such adverse possession as will bar the real title. *Jones v. Coal Creek Mining & Mfg. Co.*, (1915) 133 Tenn. 183, 180 S.W. 991; *Davis v. Louisville & N.R.R.* (1921) 147 Tenn. 1, 244 S.W. 483. The above rule applies to both the length of time and the character of the possession. *Southern Coal & Iron Co. v. Schwoon* (1921) 145 Tenn. 191, 239 S.W. 398. Actual possession is necessary to perfect title under TCA § 28-2-101. There must be exclusive, actual, adverse, continuous, open and notorious possession for the entire prescriptive period, under a claim of right or title to the property. And the owner must have knowledge of the adverse claim, or it must be so open and notorious as that he will be presumed to have notice of it. *Sequatchie Coal & Iron Co. v. Coppinger* (1895) 95 Tenn. 526, 32 S.W. 465.

*Tidwell, et ux v. Van Deventer, et al.*, 686 S.W.2d 899, 902 (Tenn.Ct.App.1984).

The proof as to the character of the possession of the stairwell during the prescriptive period is equivocal. Prior to the Britts' purchase of 111 and the remodeling thereof, the only access to the second floors of both 109 and 111 was through the common stairway. It bears noting that in his testimony before the court, S. E. Irwin, III, whose deed of purchase gives the most generous description of 111 North Main, referred to this stairwell as "the common stairwell." There is no showing that the plaintiffs' predecessors in title held the stairway hostilely, openly and notoriously with respect to the adjoining owner. The record reveals that until Mrs. Britt changed the lock on the stairway, keys were available to any tenant who wished to access the stairway. Since the plaintiffs have failed to establish title as necessary in a suit for an ejectment, their case with respect to the stairway must fail.

The closet under the stairway had only one entrance, that being from the "Britt" side of the stairwell. The same is true regarding the closet above the stairwell. The record shows no other entrance was installed to either storage space other than an entry way from the "Britt" side of the stairwell. Under the circumstances, the record supports the trial court's finding that the storage area under stairwell was indeed adversely possessed for the requisite common law period. No muniment of title is required to perfect title by prescriptive user. *Hallmark v. Tidwell*, 849 S.W.2d 787 (Tenn.Ct.App.1992).

The evidence does not preponderate against the findings of the trial judge relative to the presumption of legal ownership by payment of taxes under Tennessee Code Annotated section 28-2-109, nor the proscription against bringing suit under section 28-2-110(a).

These statutes, in pertinent part, provide:

**Presumption of ownership from payment of taxes**. — Any person holding any real estate or land of any kind, or any legal or equitable interest therein, who has paid, or who and those through whom such person claims have paid, the state and county taxes on the same for more th[a]n twenty (20) years continuously prior to the date when any question arises in any of the courts of this state concerning the same, and who has had or who and those through whom such person claims have had, such person's deed, conveyance, grant or other assurance of title recorded in the register's office of the county in which the land lies, for such period of more than twenty (20) years, shall be presumed prima facie to be the legal owner of such land.
Tenn. Code Ann. § 28-2-109(2000).

**Action barred by nonpayment of taxes**. – (a) Any person having any claim to real estate or land of any kind, or to any legal or equitable interest therein, the same having been subject to assessment for state and county taxes, who and those through whom such person claims have failed to have the same assessed and to pay any state and county taxes thereon for a period of more than twenty (20) years, shall be forever barred from bringing any action in law or in equity to recover the same, or to recover any rents or profits therefrom in any of the courts of this state.
Tenn. Code Ann. § 28-2-110(a)(2000).

The Maury County Assessor of Property testified, without objection:

Q.      Again, Mr. Dooley, I'm not sure I asked in the proper way. Were you able to reach a conclusion or your office reach a conclusion as to whether Mr. and Ms. Britt or their predecessors in title or Ms. Howell or her predecessors in title or a combination of the two had paid taxes on this common stairway or stairwell? Were you able to tell that?
A.      Not with certainty. However, the appraiser that was there indicated that it looked like the stairwell was shared between the two buildings, as best he could tell from looking at the back walls and the front walls.

While photographs taken facing the two buildings would indicate that the stairwell was located on the Howell property, photographs depicting the roofs of the two buildings indicate that the stairwell is under the roof of the Britt property.

Nothing is "clear" about the facts of this case except that the predecessors in title of both parties, for nearly a century, shared joint use of the stairwell, harmoniously and without dispute, and that the predecessors in title of the Britts and the Britts themselves used the closet under the stairwell openly, continuously, exclusively adversely, and notoriously for more than twenty continuous years regardless of the disputed issue of whether they held under recorded muniment of title.

Both parties have agreed to the joint usage of the closet above the stairwell and the trial court has included such usage in its judgment. The trial court has made findings of fact on all issues between the parties and, since the evidence does not preponderate against any of these findings of

fact, such findings are binding on this Court. *See* T.R.A.P. 13(d). The conclusions of law upon review by this Court *de novo* without a presumption of correctness are approved. *See Tennessee Farmers Mut. Ins. Co. v. American Mu. Liab. Ins. Co.*, 84 S.W.2d 933 (Tenn.Ct.App.1992). The judgment of the trial court is in all respects affirmed with costs of the cause assessed to Appellant. The case is remanded to the trial court for such further proceedings as may be necessary.

_____
WILLIAM B. CAIN, JUDGE