Joe B. McCollum et al., Petitioners,

*v.*

Patsy Jane Guest, Respondent.

(*Knoxville,* September Term, 1960.)

Opinion filed December 9, 1960.

Rehearing Denied March 10, 1961.

Foster D. Arnett and Jack B. Draper, Knoxville, for petitioners George Arnold Collins and J. C. Ross.

Hubert D. Patty, Maryville, Wallace P. Lopez, Memphis, for respondent.

Mr. Justice Swepston delivered the opinion of the Court.

We granted certiorari in this case. The trial court directed a verdict in favor of the defendant but the same was reversed by the Court of Appeals which held that it should have been submitted to the jury.

The question for decision is whether or not in a case where no eye witnesses to an automobile collision testified and the only evidence was the bare testimony of witnesses who came up afterwards and saw and testified only as to the position of the two vehicles, would be any evidence to submit to a jury as to how the accident occurred.

This action was brought by Mrs. Patsy Jane Guest to recover damages for the death of her husband, Stanley P. Guest, against Joe B. McCollum, in whose automobile the decedent was riding as a guest passenger and against Arnold Collins and J. C. Ross, who were operating a truck that collided on a curve with the McCollum automobile.

Although the record reveals that the collision was witnessed by two persons who were not parties to the litigation, plaintiff elected to go to trial solely on the testimony of herself and two other witnesses, none of whom were eye witnesses to the accident. Mrs. Guest knew nothing about the accident as she was not in the County on that date. The other two simply testified to the position of the two vehicles after the occurrence of the collision; their testimony was in conflict, one with the other, but there was absolutely no testimony concerning the speed of the two vehicles or the relative weights of same or any fact other than the positions of the two vehicles. The highway patrolman who testified placed the truck on its proper side of the highway although there was no actual center line marking the same. The other witness, Miss

Griffin, placed a portion of the McCollum truck across the imaginary center line to the wrong side of the road.

The question of whether or not this makes a *prima facie* case has not been decided on this situation in Tennessee among reported cases, but the question has been ruled upon in some of the other states. The leading case on all fours on the facts is *Anderson v. Interstate Transit Lines,* 1935, 129 Neb. 612, 262 N.W. 445, 446. There, the allegation was that the bus of defendant was operated on the wrong side of the road causing the collision. Plaintiff presented no eye witness testimony. Certain of plaintiff's witnesses testified that following the collision a portion of defendant's bus as reconstructed would have extended across the center line or over on the wrong side of the road. A directed verdict was granted and upheld by the Nebraska Supreme Court. There were no eye witnesses, and the Court said:

"Nothing in the evidence tends to reasonably identify the point of collision, with reference to the center boundary of the highway. The actual problem presented by the record in its present form is one of the resolution of forces, and we would be required to determine from the position of the two motor vehicles at the conclusion of the incident, just where they actually collided."

Again:

"We are inclined to accept the views of the courts heretofore quoted as to the fact that mere position of the 'bus' and 'truck' after the accident, with the accompanying marks, as shown by the evidence, afford no just basis for a reasonable conclusion. In other

words, these facts are insufficient to meet the burden of proof.''

Then in Blashfield's Ency. of Automobile Law and Practice, Vol. 10, 401, Sec. 6555, it is said:

''It cannot be said, however, as a matter of law, where there is a collision of automobiles, that the accident did not happen as stated by either party solely from the respective positions of the automobiles after the accident; there being such a complexity of forces and resultants as to afford no idea where the two automobiles would go or what they would do.''

Under the same section of Blashfield are cited a good many cases on the question.

*Mott v. Hillman, et al.*, 1947, 133 Conn. 552, 52 A.2d 861, the Court *Held* that such a situation did not make out a *prima facie* case and pointed out the difference between that case and a former opinion of that court where there was additional evidence. Then see the reference to the point in *Galiano v. Ocean Accident & Guarantee Corp.*, La.App.1951, 55 So.2d 641, at page 644. The Court said in part:

''The answer to that contention is self-evident. It is almost impossible for one to calculate with any degree of precision the behavior of vehicles after a collision.''

See also *American Tobacco Co. v. Zoller*, 6 Tenn.App. 390, 393, wherein it is said:

''It is well known that cars sometimes take peculiar and unexpected courses after accidents.''

We think this reasoning is sound and that the Court of Appeals was in error in reversing the judgment of the trial court. Reversed and rendered.

## On Petition to Rehear.

An earnest petition to rehear has been filed in behalf of Patsy Jane Guest. We have considered same and reviewed the record and we think that the petition to rehear raises no new points but is a reargument of the matters considered and disposed of by the original opinion.

We must overrule the petition.