**Arthur Lewis SMITH by and Through His Conservator, Thomas Rhoden Smith, Plaintiff-Appellee,**

v.

**Clarence Richard BEATTIE, Defendant-Appellant.**

**No. 15950.**

United States Court of Appeals
Sixth Circuit.

June 9, 1965.

Tyree B. Harris, III, Nashville, Tenn., for appellant, John J. Hooker, Nashville, Tenn., on the brief, Hooker, Keeble, Dodson & Harris, Nashville, Tenn., of counsel.

Cletus W. McWilliams, Franklin, Tenn., for appellee, Ward Hudgins, Nashville, Tenn., on the brief.

Before WEICK, Chief Judge, and CECIL and EDWARDS, Circuit Judges.

EDWARDS, Circuit Judge.

This is an automobile accident case brought under the federal diversity jurisdiction. The suit involves injuries to a Tennessee pedestrian in an accident in Tennessee with an automobile driven by a Michigan resident. It was tried before a judge and jury in the United States District Court for the Middle District of Tennessee, Nashville Division. The jury verdict awarded the plaintiff (the pedestrian) $30,000 and defendant appealed.

On appeal the contesting parties agree that the basic outline of the case is accurately presented in the findings of fact of Judge William E. Miller as follows:

"The accident occurred February 18, 1960, shortly before noon, on U. S. Highway No. 31, running north and south, just north of the city limits of Franklin, Tennessee. It was a clear day, but in all other respects travel conditions, by automobile or afoot, could hardly have been worse. The weather was extremely cold and windy. Heavy snows had fallen and had been embanked on each edge of the highway, leaving

barely enough room on the pavement for two cars to meet and pass. The usable portion of the pavement was covered with three inches of ice. The defendant, driving a 1957 Cadillac automobile with tires and brakes in good condition, was proceeding in a southerly direction. After the collision the plaintiff and the car came to rest in the snow bank on the east edge of the highway, 15 or 20 feet from the point of impact.

"The plaintiff's version of the accident was that he was walking south along the easterly edge of the highway facing oncoming traffic; that he heard someone behind him scream; and that as he turned to look back he was struck by the car.

"The defendant's version is entirely different. His testimony was that he had come over the crest of a hill, or knoll, about 1,100 feet from the place of the accident, and was going downgrade at 35 to 40 miles per hour; that he first saw the plaintiff about a 'city block' away, walking north on the snow bank on the west edge of the highway; that when the distance had shortened to 150 or 200 feet, the plaintiff stepped off the snow bank and onto the westerly side of the pavement and continued walking north toward the car; that the defendant, without applying the brakes, then reduced speed to 25 or 30 miles per hour and steered slightly to the left, taking a course which would have permitted the car to pass safely if the plaintiff had kept his own course; that when the gap had further closed to about 40 feet the plaintiff started 'angling' out into the highway and directly into the path of the car; that the defendant then applied the brakes and turned the steering wheel sharply to the left; and that the car slid on the ice, collided with the defendant [sic] [1] at a point near the center of the road and carried him into the east snow bank."

Defendant-appellant presents to this court the single contention that the District Judge committed reversible error by submitting to the jury a charge which included an instruction that plaintiff could recover under the doctrine of last clear chance. The charge objected to said in part as follows:

"I charge you in that connection that there is a rule of law in this state known as the Rule of the Last Clear Chance, that if during a period at or before the infliction of injury, adequate for preventive action by the defendant, the defendant had actual knowledge of the plaintiff's danger and failed to exercise ordinary care to avoid such danger, the defendant would be liable and the plaintiff should be awarded a recovery."

A review of this record convinces us that there are actually three somewhat different versions of what happened at the time of this accident: 1) the plaintiff's version, as summarized by the trial judge above; 2) the defendant's version, as summarized by the trial judge above; and 3) the version of the accident as testified to by the state highway patrolman who reported to the scene of the accident and asked defendant about it. His testimony we believe to be of significance in relation to the issue presented to us in this appeal.

"Q. (By Mr. McWilliams) Did he make a statement to you in regard to how the accident happened?

"A. Yes, sir; he did.

"Q. What did he state to you in that regard?

"A. He stated that he was coming south into Franklin at a speed of 40 miles an hour, and that as he came over—there is a small ridge up in here (indicating)—that as he came over that ridge, he saw the pedestrian step off of this snowbank onto the highway.

---

1. Clearly the District Judge intended to say "collided with the plaintiff. * * * "

\* \* \* \* \* \*

"Q. Did he saw where he was when he struck him?

\* \* \* \* \* \*

"A. Just about—He was just about ready to step upon this bank.

"Q. On the east side of the highway?

"A. On the east side of the highway."

█ On appeal from a jury verdict in favor of plaintiff, we look at the disputed facts from the point of view favorable to the plaintiff, which apparently the jury adopted. Evansville Container Corp. v. McDonald, 132 F.2d 80 (C.A.6, 1942).

In this regard there is testimony that defendant on the day in question after "he came over the ridge" had 1,170 feet of clear vision ahead of him to the point of impact with plaintiff-pedestrian.

█ Our review of the record leads us to believe that there is evidence from which the jury could have inferred that defendant saw plaintiff in a position of danger and completely oblivious to it while defendant had ample opportunity to stop or to warn him and that he did neither until too late. This inference, plus the extraordinary road conditions, warranted presentation of the last clear chance doctrine.

We note also, of course, that defendant relies upon the claimed ability of the plaintiff to get himself out of danger. This was argued to and answered effectively by the trial judge:

"The Court: The ability of the plaintiff to get himself out of the perilous position—I do not think that prevents the application of the Doctrine.

"Mr. Harris: It certainly couldn't be our last clear chance. The last clear chance couldn't be on us then.

"The Court: He may be inattentive. He may have his head down and may not be looking. He may step off of a curb or something like that and have his head down and be negligent, yet he can turn around

—he is physically able to turn around and walk away. But if a defendant comes along driving an automobile and sees a man walking with his head down, he cannot just proceed to go on and strike him even though the plaintiff can physically extricate himself."

We believe that there is sound Tennessee authority supporting an instruction upon the doctrine of last clear chance under factual situations very similar to those which confronted the District Judge herein. Hodge v. Hamilton, 155 Tenn. 403, 293 S.W. 752 (1927); Hale v. Rayburn, 37 Tenn.Appeals 413, 264 S.W.2d 230 (1953).

█ In the Evansville Container Corporation v. McDonald, supra, case, this court said:

"Under the decisions of the Supreme Court of Tennessee the last clear chance doctrine is applicable and recovery may be had notwithstanding the antecedent negligence of the injured person in getting into a perilous situation when the circumstances are such that the defendant by the exercise of reasonable care could have realized the danger and when he discovered, or by the exercise of ordinary care, could have discovered the perilous situation in time that by the use of the instrumentalities then in his control and under the conditions then existing he could have avoided the accident but failed to do so. Tennessee Central Ry. Co. v. Ledbetter, 159 Tenn. 404, 19 S.W.2d 258." Evansville Container Corp. v. McDonald, supra, 132 F.2d at 85.

We recognize, of course, that appellant relies upon the ultimate holding of this case, where under the fact situation there involved the charge on the last clear chance doctrine was held to be reversible error.

We do not deal here, however, with a fact situation involving two trucks approaching each other on a highway, where each would have a reason to be-

lieve that the other would be fully apprised of the dangers lying immediately ahead of his own path.

There is evidence in this record, as the trial judge noted, from which the jury could have believed that defendant approached the plaintiff while plaintiff was in an obvious position of peril and oblivious to any approaching danger, and failed to make use of the means which he reasonably could have employed to avoid injury to plaintiff. Appellant's counsel at trial sought with considerable ingenuity to infer that plaintiff was intoxicated at the time of the accident. The jury may have agreed.

In Hodge v. Hamilton, supra, dealing with a somewhat similar fact situation, the Tennessee Supreme Court said:

"It would be monstrous and inhuman to hold that a driver of an automobile, seeing a pedestrian approaching with his head down and seemingly intoxicated, where he has ample time to bring his automobile to a stop and sufficient space to steer it to the right and thus avoid a collision, can nevertheless recklessly and wantonly run his car over the pedestrian and escape liability upon the theory that the pedestrian was guilty of such negligence as would bar a recovery." Hodge v. Hamilton, supra, 155 Tenn. at 411, 293 S.W. at 754.

But defendant-appellant's final insistence is that plaintiff's negligence occurred "only an instant before the accident occurred," citing Southern Ry. Co. v. Whaley, 170 Tenn. 668, 98 S.W.2d 1061 (1936). If this were the undisputed fact situation revealed by this record, of course, a last clear chance charge would be unwarranted. Actually this is not only not the view of the evidence favorable to plaintiff, it is not even consistent with either of defendant's own versions of the accident as contained in this record.

No prejudicial error appearing, we affirm the judgment of the District Court.