Marsha Underwood

*v.*

Redwing Carriers, Inc.

462 S.W.2d 868.

(*Nashville,* December Term, 1970.)

Opinion filed January 18, 1971.

Tyrus H. Cobb, Shelbyville, and John R. Rucker, Murfreesboro, for respondent-appellee.

James L. Roberts, Nashville, Parker. Nichol & Roberts, Nashville, for petitioner-appellant.

Mr. Justice McCanless delivered the opinion of the Court.

This is a suit by Mrs. Marsha Underwood, the widow of Jimmy Olen Underwood, who was killed in a collision between the automobile he was driving and the truck owned by Redwing Carriers, Inc., and driven by its employee, Robert Marvin Ayers, on Highway 231 inside the

corporate limits of Murfreesboro at about 2:00 o'clock on the morning of October 21, 1965. The jury returned a verdict in favor of the plaintiff and against the defendant for $26,840.00. The defendant moved for a new trial but the Circuit Court overruled the motion, and the defendant appealed in error to the Court of Appeals who affirmed the judgment of the Circuit Court. The defendant then filed a petition for the writ of certiorari which we granted and counsel have argued the case at the bar of this Court.

No living person other than the truck driver, Ayers, witnessed the collision but these facts appear in the record and are not disputed: The deceased was driving an automobile in a southwardly direction. At the time rain was falling, and the highway was slick. The truck consisted of a tractor and trailer, the trailer being loaded with fly ash, the combined weight of the tractor, the trailer and the cargo being about 69,000 pounds. The truck was proceeding northwardly when the collision occurred. The deceased was killed instantly, and when the vehicles came to rest his dead body was lying immediately west of the paved part of the highway in the edge of the lawn of a funeral home. The automobile was just east of the paved portion of the highway. Most of the tractor was in the west or south bound lane, while the trailer occupied the middle of the pavement. The tractor had assumed a position forming nearly a right angle with the trailer. Debris was scattered on both sides of the center line of the highway beginning several feet south of where the vehicles came to rest. The right front fender of the cab of the tractor had been bent down against the wheel and the gasoline tank on its right side damaged as were the front and left side of the automobile.

4

There was evidence that the automobile had described a loop on the west side of the highway in the lawn of the funeral home and then had crossed the highway.

Soon after the accident Bill Blackburn, a former member of the Tennessee Highway Patrol, came upon the scene and he testified about the physical facts. He talked with the driver of the truck, Ayers, who told him that he did not know how the accident occurred it had happened so fast. Other witnesses were police officers of Murfreesboro and a newspaper photographer who made photographs that are exhibits to his testimony.

The petitioner has assigned as error the action of the Circuit Judge in refusing to grant its motion for a directed verdict at the conclusion of all the evidence on the ground that there was no evidence that the defendant was guilty of any negligence which proximately caused the death of Jimmy Olen Underwood, and that the uncontradicted evidence was that Underwood's death was proximately caused by his own negligence.

The driver of the truck, Ayers, testified to circumstances that tended to show that he had been free from negligence with respect to the collision and that it had been caused by Underwood's negligent operation of his automobile. The jury adopted the theory of the plaintiff, returned its verdict in her favor and rejected the defendant's theory and the testimony of the driver, Ayers. The question for us to decide is whether there is material evidence in the record to support the verdict. In *Southern Ry. Co. v. Varnell,* 33 Tenn.App. 550, 232 S.W.2d 406, the Court of Appeals, in an opinion by Judge Peabody Howard, enunciated the applicable rule of law thus:

"It is a well settled rule that this court will not disturb the verdict if there is any material evidence to support it; and in determining whether or not there is such evidence, the strongest legitimate view of the evidence together with every reasonable inference to be drawn therefrom will be taken as true."

The plaintiff's evidence consists of physical facts including the positions of the vehicles after the collision; also there is shown the approximate weight of the vehicles, the fact that rain was falling and the highway surface was slick, and the relation of the debris to the positions of the vehicles and that of Underwood's body. The photographs show the parts of the vehicles that were damaged by the impact.

In *Gordon's Transports, Inc. v. Bailey*, 41 Tenn.App. 365, 294 S.W.2d 313, the Court of Appeals said:

"Established physical facts are controlling over direct testimony when it is impossible to reconcile the physical facts with the direct testimony."

It is evident that the jury in reaching their verdict rejected the testimony of Ayers and accepted the evidence of the physical facts. See *Roddy Manufacturing Co. v. Dixon*, 21 Tenn.App. 81, 105 S.W.2d 513.

The petitioner relies on *McCollum v. Guest*, 207 Tenn. 651, 343 S.W.2d 359, but we are of opinion that this case does not control the case at bar. The rule of the *McCollum* case is that where there are no eye witnesses to a collision of vehicles then testimony establishing the positions of the vehicles without more is not enough to establish liability and to allow the case to go to the jury. In the *McCollum* case the testimony of the witnesses as

to the positions of the vehicles conflicted. Here there is no disagreement among seven witnesses as to the positions of the vehicles. In the *McCollum* case there was no testimony as to the speed or relative weights of the vehicles and there was no center line in the highway so that it could be ascertained whether the defendant's vehicle was in its proper lane. Here there was testimony regarding the speed and weights of the vehicles and photographs which showed the positions of the vehicles and the damage each had sustained and the position of the debris and the tracks and skid marks, all of which were available as aids to the jury in reaching its verdict. We believe that the rule of *McCollum v. Guest* should not be extended and that it does not control the result of this case.

We, therefore, affirm the judgments of the Circuit Court and Court of Appeals.

DYER, CHIEF JUSTICE, and CHATTIN, CRESON, and HUMPHREYS, JUSTICES, concur.