461 F.2d 1152
 Susie Ann WHITT, Plaintiff-Appellee,
v.
E. I. DuPONT de NEMOURS & COMPANY and Richard Ernest
Osborne, Defendants-Appellants.
E. I. DuPONT de NEMOURS & COMPANY, Plaintiff-Appellant,
v.
NORRIS INDUSTRIES, INC., Defendant-Appellee.
Paul MARSHALL, Plaintiff-Appellee,
v.
E. I. DuPONT de NEMOURS & COMPANY and Richard Ernest
Osborne, Defendants-Appellants.
 Nos. 71-1911 to 71-1913.
 United States Court of Appeals,
Sixth Circuit.
 June 15, 1972.
 
 Donald B. Oakley, Capps & Oakley, Morristown, Tenn., for appellants in No. 71-1911.
 Creed A. Daniel, Rutledge, Tenn., for appellee in No. 71-1911.
 Donald B. Oakley, Morristown, Tenn., for appellants in Nos. 71-1912 and 71-1913.
 Robert R. Campbell, Knoxville, Tenn., on brief; Capps & Oakley, Morristown, Tenn., Hodges, Doughty & Carson, Knoxville, Tenn., of counsel.
 Ben W. Williamson, Jr., Knoxville, Tenn., for appellee in No. 71-1912; O'Neil, Parker & Williamson, Knoxville, Tenn., of counsel.
 J. K. Watson, Knoxville, Tenn., on brief for appellee in No. 71-1913.
 Before PHILLIPS, Chief Judge, and EDWARDS and CELEBREZZE, Circuit Judges.
 PHILLIPS, Chief Judge.
 
 
 1
 This is an appeal from judgments entered upon jury verdicts in consolidated diversity actions controlled by the law of Tennessee. We affirm.
 
 
 2
 The actions arose out of a fatal collision on a two-lane highway in Grainger County, Tennessee. In the early morning hours, Richard Osborne was driving a DuPont tractor-trailer loaded with about 20 tons of nylon cord westbound on U. S. Highway 11-W. Osborne's codriver, Wayne Cumby, was asleep in a bunk behind the cab. James Whitt, accompanied by Ollie Marshall, was driving a Norris mobile home transporter eastbound. The transporter was returning from the delivery of a mobile home to Kentucky and was towing the pick-up truck which had been used to escort the transporter-home combination. These vehicles collided head on. Whitt, Marshall and Cumby were killed. All vehicles and the cargo were destroyed completely by the collision and ensuing fire.
 
 
 3
 Whitt's widow and Marshall's widower each brought a wrongful death action against Osborne and DuPont. DuPont sued Norris to recover the value of its truck and cargo; Norris counter-claimed for the loss of the transporter and pickup. District Judge Robert L. Taylor ordered the cases consolidated for trial.
 
 
 4
 Trial was to a jury. Osborne provided the only eyewitness account of events immediately preceding the collision. Through testimony in open court and deposition he related that he was proceeding up a slight grade at about 50 m. p. h.; that it was dark and clear; and that the pavement was dry. He first observed the headlights of the approaching Norris transporter at a distance of one-half mile. At a separation of about 400 feet, the Norris vehicle moved across and straddled the center line. It returned to its proper lane in response to Osborne's flashing of his high beams. When the distance between the vehicles had closed to between 50 and 150 feet, the Norris vehicle crossed completely into Osborne's lane. He locked his brakes and skidded. He did not remember the impact.
 
 
 5
 There was photographic and testimonial evidence concerning the vehicle and road conditions after impact which tended to contradict Osborne's testimony. The DuPont trailer was on its right side across the highway atop the pick-up truck. The cab of the DuPont tractor was upside down on the south bank and shoulder of the highway. The Norris transporter had been cut in two by the force of the collision; part of the cab was some 50 feet west of the trailer in the eastbound lane. Some of the DuPont cargo was scattered in a field along the south side of the highway. Osborne's skid marks were about 150 feet long, beginning in the westbound lane and abruptly terminating partially in the eastbound lane. There were 50 feet of gouge marks in the eastbound lane beginning at the end of the skid marks. It was stipulated that Whitt had been driving substantially continuously for 22 hours prior to the accident, in violation of applicable regulations of the United States Department of Transportation.
 
 
 6
 The jury was charged as to the elements of negligence and contributory negligence. Instructions were also given on the doctrines of last clear chance and sudden emergency. The jury returned general verdicts in favor of Whitt, Marshall and Norris. DuPont's motions for judgment notwithstanding the verdict or new trial were denied. DuPont appeals on the grounds that there was insufficient evidence to submit the case to the jury and that the instruction on last clear chance was not warranted by the evidence.
 
 
 7
 The thrust of DuPont's first contention is that Osborne's testimony, if believed, shows him not to have been negligent and that absent his testimony there is no evidence as to how the collision occurred. In this diversity case we must look to the law of Tennessee to determine whether there was sufficient evidence to go to the jury. Underwood v. Redwing Carriers, Inc., Tenn., 462 S.W. 2d 868 (1971), is dispositive of the issue, rejecting the contention which DuPont makes here.
 
 
 8
 One of the appellees' theories of the case below was that Whitt had fallen asleep or had become drowsy, wandering across the center line, and that Osborne could have avoided the collision by slowing and moving off the pavement on to the shoulder. It is of no import that this theory may have been inconsistent with other theories upon which recovery was predicated. See R. 8(e), Fed.R.Civ.P. This theory was supported by some of the evidence in that Osborne testified that Whitt had crossed the center line. Osborne's estimations of relevant distances was shown by the physical evidence to have been significantly understated. Thus, there was evidence from which the jury could have inferred that Osborne saw Whitt in a position of peril to which Whitt was oblivious and that Osborne had an opportunity to warn Whitt or avoid the collision but did neither. An instruction on the doctrine of last clear chance was thus appropriate. See Smith v. Beattie, 346 F. 2d 139 (6th Cir. 1965); Gardner's Masonry Contractors, Inc. v. St. Louis-San Francisco Ry., Tenn.App., 470 S.W.2d 945 (1971).
 
 
 9
 Affirmed.
 
 
 10
 CELEBREZZE, Circuit Judge (dissenting).
 
 
 11
 I respectfully dissent. I believe there is insufficient evidence to support the jury verdicts under either of the theories of relief posed by Plaintiffs-Appellees.
 
 
 12
 Neither Osborne's account of the events preceding the accident nor the physical evidence supports a finding that he was negligent under the last clear chance doctrine. And although there were some inconsistencies in Osborne's estimates of the several distances between his truck and the oncoming Whitt vehicle, these inconsistencies cannot serve as a springboard from which the jury could create its own evidence to support Osborne's negligence under the last clear chance doctrine.
 
 
 13
 Moreover, even if there had been sufficient evidence to otherwise warrant the jury's consideration of the last clear chance doctrine, I believe that doctrine would nonetheless have been inapplicable because Whitt's negligence was clearly continuing and concurrent with any conceivable negligence of Osborne. See Gardner's Masonry Contractors, Inc. v. St. Louis-San Francisco Ry., Tenn.App., 470 S.W.2d 925, 948-949 (1971).
 
 
 14
 Nor do I find sufficient evidence to support Plaintiffs-Appellees' alternate theory that Osborne was negligently operating his truck left of center. I believe the physical evidence in the present case is much less persuasive than that in Underwood v. Redwing Carriers, Inc., Tenn., 462 S.W.2d 868 (1971). In fact, the only physical evidence of any probative value is the skid marks of Osborne's truck, which appear to fully support his version of the accident.
 
 
 15
 I realize that this Court is not to attempt to weigh the evidence or sit as a trier of fact. From the multiple issues and theories of recovery in this case, however, I am unable to find sufficient evidence to establish any set of facts which would support the jury's verdicts.
 
 
 16
 I would reverse the judgment of the District Court and remand the case for further proceedings on DuPont's suit against Norris Industries.