Burke LOWE, Plaintiff,

v.

Larry CARTER, Unit Manager, Mark Smith, Unit Manager, and W.D. Malone, Unit Manager, Defendants.

No. 82–40128.

United States District Court,
E.D. Michigan, S.D.

Dec. 29, 1982.

Burke Lowe, in pro. per.

Brian Mackenzie, Asst. Atty. Gen., Corrections Div., Lansing, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

NEWBLATT, District Judge.

### I FACTS

This is a 42 U.S.C. §§ 1983, 1985 action brought by pro se plaintiff, Burke Lowe, against defendants Larry Carter, Mark Smith and W.D. Malone. Plaintiff is an inmate at the State Prison of Southern Michigan (SPSM). Defendants, employees of SPSM, are responsible for conducting monthly reviews of the prison's administrative segregation assignments.

The facts of plaintiff's claim occurred in late 1980. Plaintiff alleges that in August of 1980 he was charged with sexual assault—a major misconduct violation. Following the charge, a hearing was conducted. The hearing report, attached to plaintiff's response to defendant's summary judgment motion at docket entry # 13, appears to indicate that: (1) the facts proven did not raise the inference that the alleged victim suffered a forcible sexual entry; (2) the facts proven were "limited." [1]

Plaintiff was assigned to administrative segregation following the hearing. Apparently, this assignment was based on either the finding that plaintiff was guilty of the sexual assault or a finding that plaintiff was a management problem. [2]

Defendants Carter, Smith and Malone were not responsible for assigning plaintiff to administrative segregation. [3] They were, however, allegedly responsible for conducting monthly reviews to determine whether plaintiff was justly confined in administrative segregation and · to determine the length of such confinement. Plaintiff alleges that defendants ignored plaintiff's attempts to demonstrate to defendants that plaintiff was unjustly confined in administrative segregation. Plaintiff further contends that defendants ignored the monthly reviews of administrative segregation status to which plaintiff was entitled. [4]

Plaintiff has asserted a number of legal theories in support of his claim. The section 1983 theory is based on alleged violations of the due process and equal protection clauses of the Fourteenth Amendment as well as the alleged violation of the Eighth Amendment as incorporated into the Fourteenth Amendment. In addition, plaintiff has asserted a 42 U.S.C. § 1985 theory.

---

1. *See* report attached to docket entry # 13.

2. Defendants interpret plaintiff's complaint as alleging that plaintiff was wrongfully found guilty of a major misconduct violation. *See* p. 1 of defendants' brief in support of motion to dismiss at docket entry # 6. The Court agrees that this is one construction of the complaint.
   Alternatively, the Court construes the complaint as alleging that plaintiff was assigned to administrative segregation based on the general finding that plaintiff was a management problem. A partial basis of this finding allegedly was plaintiff's participation in the sexual assault incident. Under this alternative construction, the Court is not acknowledging that there was an explicit finding that plaintiff was guilty of the sexual assault. In this respect it should be noted that Rule 8(a) of the Federal Rules of Civil Procedure permits a pleader to allege alternative or even contradictory statements of facts. *See Whitt v. E.I. Dupont de Nemours & Co.,* 461 F.2d 1152 (CA 6, 1972); *see also* Wright & Miller, *Federal Practice & Procedure,* § 1283.

3. *See* ¶¶ 13, 14, and 18 of the complaint filed at docket entry # 3. The person allegedly making the administrative segregation assignment decision was Mr. Sholes, a member of the security classification committee. Mr. Sholes was not named as a defendant in this lawsuit.

4. *See* ¶¶ 14 and 18 of the complaint at docket entry # 3.

Defendants have filed a motion to dismiss based on Rule 12(b)(6) of the Federal Rules of Civil Procedure. Therein, defendants have raised the following theories of dismissal: Defendants' lack of personal involvement in the alleged constitutional torts; the sovereign immunity enjoyed by the State of Michigan under the Eleventh Amendment; qualified section 1983 immunity; deficient pleading; and failure to state a claim under 42 U.S.C. § 1985. The Court will now consider the various theories of dismissal advanced by defendants. In addition, the Court, *sua sponte,* will consider whether plaintiff has stated claims under the equal protection clause and the Eighth Amendment.

## II  LEGAL ANALYSIS

### A.  Defendants Lack of Personal Involvement Defense.

■  Defendants contend that this case should be dismissed for the reason that defendants did not personally participate in plaintiff's assignment to administrative segregation. This theory would be well taken if plaintiff's complaint was based on the act of assigning plaintiff to administrative segregation. As the Court has noted, however, this is not plaintiff's claim. Instead, plaintiff has asserted constitutional torts based on defendants' failure to extend plaintiff monthly reviews which would have exposed the illegitimate administrative segregation assignment. Since defendants are the persons responsible for conducting the monthly administrative segregation reviews, it is clear that there is sufficient 42 U.S.C. § 1983 personal involvement in this case. Therefore, the respondeat superior defense is rejected.

### B.  Eleventh Amendment Immunity Defense

Defendants next contend that the Eleventh Amendment precludes plaintiff from recovery. In evaluating the Eleventh Amendment defense, the Court notes that plaintiff seeks declaratory injunction and monetary relief. Noted also is that plaintiff has sued defendants in their official as well as their individual capacities.[5]

■  In *Jones v. State of Michigan,* 525 F.Supp. 636, 638–39 (ED Mich.1981), this Court discussed Eleventh Amendment immunity as applied to demands for relief similar to those in the instant case. *Jones,* completely omitted in the briefs here, explains why plaintiff may seek declaratory injunctive relief from defendants in their official capacities. Thus, the Court must deny the motion to dismiss as directed to plaintiff's demands for declaratory and injunctive relief from defendants in their official capacities.

■  *Jones* also explains why the Eleventh Amendment bars plaintiff from recovering money from defendants in their official capacities. For the reasons stated in *Jones,* the Court GRANTS the motion to dismiss as it pertains to the demand for damages from defendants in their official capacities.

Thus, the remaining Eleventh Amendment issue is whether plaintiff may seek damages from defendants in their individual capacities. In other words, the Court must rule on whether the Eleventh Amendment prevents plaintiff from recovering out of the individual assets of defendants.

■  The Court finds that *Scheuer v. Rhodes*[6] supplies the rule of decision on to this issue. In *Rhodes,* the Supreme Court held that the Eleventh Amendment is not a barrier to recovery of damages from the individual assets of state officials.[7] Thus, the Court holds that plaintiff is not barred from seeking such damages here. In sum, the Court GRANTS defendants' motion to dismiss as it pertains to plaintiff's demand for damages from defendants in their official capacities, but DENIES defendants' motion to dismiss as it pertains to plaintiff's

---

**5.** *See* ¶ 5 of complaint at docket entry # 3.

**6.** 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

**7.** *See id* at 237, 238, 94 S.Ct. at 1687.

demand for declaratory and injunctive relief from defendants in their official capacities. The Court also DENIES defendants' motion to dismiss as it pertains to plaintiff's demand for money damages from defendants in their individual capacities.

### C. Defendants' Defective Pleading Theory

█ Defendants next argue that this case should be dismissed because of plaintiff's alleged deficient pleading. In this respect, defendants contend that plaintiff merely has stated conclusions and has not adhered to Rule 8(a)(2) of the Federal Rules of Civil Procedure which requires a concise statement of the factual basis upon which plaintiff seeks relief. Accordingly, defendants contend that dismissal is mandated under Rule 12(b)(6) of the Federal Rules of Civil Procedure in that plaintiff has failed to state a *claim* upon which relief can be granted.

It should be noted that in this section of the opinion, the Court will do nothing more than address the issue of whether dismissal of this case is warranted by the alleged conclusory pleading. Later in the opinion, defendants' Rule 12(b)(6) motion will be applied to the various legal theories advanced by plaintiff. Here, however, the Court merely considers the conclusory pleading issue.

In resolving this issue, the Court must first point out that, as far as pro se inmate complaints go, the present complaint is very well drafted.[8] Although it is not clear whether plaintiff was found guilty of the sexual assault charge or whether the charge merely was a partial basis for the administrative segregation assignment, plaintiff adequately alleges the facts of the adminis-trative segregation assignment. Furthermore, plaintiff is certainly specific enough in setting out allegations of defendants' denial of plaintiff's monthly administrative segregation reviews. In sum, the Court finds that this complaint is not conclusory. Even if technical pleadings were required in modern federal practice, the present complaint probably would not be dismissed.

But as Assistant Attorney General MacKenzie well knows, technical pleading is not required in modern federal practice. Rules 8, 12 and 15 of the Federal Rules of Civil Procedure are designed to lead to the resolution of underlying controversies in federal cases. In pursuit of this objective, technical exactness in pleading is not required.[9] Indeed, as Judge Merrit has recently pointed out, trial courts may well commit reversible error by overemphasizing procedural technicalities.[10]

In sum, defendants' defective pleading theory is weak and probably should not have been raised. Clearly, the theory is rejected by this Court.

### D. Defendants' Qualified Immunity Theory

Defendants argue that they are shielded in this case by the defense of qualified immunity. In asserting this defense, defendants contend that plaintiff has not alleged that defendants acted with malicious intent. In fact, plaintiff does allege that defendants acted willfully in denying plaintiff his monthly reviews.[11] Having reviewed the law of qualified immunity, however, the Court finds that the maliciousness issue is not decisive at this point in the litigation of this case.

In the recent case of *Harlow v. Fitzgerald,*[12] the Supreme Court rendered a signifi-

---

**8.** *See generally* complaint at docket entry # 3.

**9.** ·*See* Rule 8(f) of the Federal Rules of Civil Procedure. *See also* the famous Supreme Court discussion of the liberal pleading philosophy of the Federal Rules of Civil Procedure in *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). *See* generally Wright & Miller, *Federal Practice & Procedure,* § 2202.

**10.** *See Tefft v. Seward,* 689 F.2d 637 (CA 6, 1982).

**11.** *See* ¶¶ 15–16 of complaint at docket entry # 3.

**12.** *See Harlow v. Fitzgerald,* —— U.S. ——, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

cant decision as to the law of qualified immunity. The Court, speaking through Justice Powell, noted that under classic qualified immunity analysis, a two-pronged inquiry is necessary. The two-pronged inquiry contains both an objective and subjective component focussing on whether the government official knew or should have known that his actions were violative of a constitutional right enjoyed by the plaintiff.

The *Harlow* Court expressed dissatisfaction with this standard as applied to summary judgment practice. In this respect, the Court recognized that bare allegations of malice necessitate fairly wide ranging discovery and thus doom early litigation summary judgment motions.

In order to avoid this result, the *Harlow* Court redesigned the structure of qualified immunity practice.[13] The Court held that bare allegations of malice are not sufficient to block summary judgment. Instead, the Court held that where a government official has not violated clearly established constitutional rights of which a reasonable person would be aware, the government official can defeat a constitutional tort damages claim by asserting the qualified immunity defense.[14] A movant government official thus can prevail on a summary judgment motion if the official shows that a reasonable person would not have known that the defendant official's actions were violative of the plaintiff's constitutional rights.[15]

The *Harlow* decision involved review of the trial court's ruling on a motion for summary judgment. Nevertheless, the decision set out new guidelines for all areas of qualified immunity practice. This is re-flected by the Sixth Circuit's recent application of *Harlow* in *Smith v. Heath*.[16] There, the Sixth Circuit applied *Harlow* in reviewing the correctness of a judge's trial rulings.[17] Here, this Court will apply *Harlow* to defendants' motion to dismiss.

It must then be determined whether a reasonable person would have known that denial of the monthly administrative segregation reviews was violative of the Constitution. As will be developed later in this opinion, denial of the monthly reviews definitely did not violate the equal protection clause or the Eighth Amendment. Thus, the Court will confine its qualified immunity inquiry to the issue of whether a reasonable person would have known that denial of the monthly reviews was violative of the procedural component of the Fourteenth Amendment's due process clause.

■ Procedural due process rights arise where a state deprives an individual of life, liberty or property. Where such a deprivation occurs, the state must afford due process.[18] It is well established that states and state agencies create liberty and property interests by promulgating rules and regulations that raise expectations in various persons. As this Court pointed out in *Walker v. Johnson*[19]—a pre *Harlow* decision—there is a Michigan Department of Corrections Rule mandating monthly reviews of administrative segregation status.[20] This Rule was recognized to raise a liberty interest in *Walker*. In light of the importance of the Rule, the Court finds that the Rule creates a well established liberty interest about which a reasonable Corrections Department official should have been aware. There-

---

13. *See id* —— U.S. at ——–——, 102 S.Ct. at 2736–39.

14. *See id* —— U.S. at ——, 102 S.Ct. at 2739.

15. The Court would point out that it is well aware that *Harlow* was a *Bivens* constitutional tort action against federal officials rather than a section 1983 action against state officials as in the present case. Nevertheless, the Sixth Circuit has held that the *Harlow* standard of qualified immunity applies in section 1983 actions. *See Wolfel v. Sanborn,* 666 F.2d 1005 (CA 6, 1982).

16. *See Smith v. Heath,* 691 F.2d 220 (CA 6, 1982).

17. *See generally id.*

18. *See generally Bills v. Henderson,* 631 F.2d 1287 (CA 6, 1981).

19. *Walker v. Johnson,* 544 F.Supp. 345 (ED Mich.1982).

20. *See id* at 357–58.

fore, even under the *Harlow* analysis, the Court cannot grant defendants' motion to dismiss. It follows that plaintiff's procedural due process theory remains alive.

### E. Motion to Dismiss as Applied to Plaintiff's 42 U.S.C. § 1985 Theory

■ Defendants contend that plaintiff has failed to state a claim under 42 U.S.C. § 1985. In advancing their motion, defendants argue that since plaintiff was not the victim of class based animus, plaintiff has failed to state the requisite elements of a section 1985 theory.

The Court is constrained to agree with defendants. Sixth Circuit cases have held unequivocally that class based animus is a condition precedent to a section 1985 theory.[21] No such animus existed in this case. The wrongs allegedly committed against plaintiff were individualized wrongs—they did not result from plaintiff's membership in any particular class. Defendants are correct in contending that plaintiff has not stated a claim under section 1985. Hence, the motion to dismiss the section 1985 theory will be granted.

### F. Motion to Dismiss as Applied to Plaintiff's Eighth Amendment Theory

■ The Court notes that plaintiff has advanced an Eighth Amendment theory. Plaintiff contends that the invalid administrative segregation assignment and subsequent denial of monthly reviews subjected plaintiff to cruel and unusual punishment. Although defendants have not attacked this claim in the motion to dismiss, the Court, *sua sponte,* must dismiss this claim.

The Court must reject the Eighth Amendment theory in light of the Supreme Court's *Rhodes v. Chapman*[22] opinion. In *Rhodes,* the Court held that an Eighth Amendment prison claim is not stated unless the inmate is made to suffer unnecessary and wanton pain.[23] The Court has noted that the generality of the *Rhodes* statement affords trial courts leeway in finding particular prison practices cruel and unusual punishment.[24] Here, however, plaintiff falls far short of stating an Eighth Amendment claim. While the alleged undeserved stint in administrative segregation may have been harsh and oppressive, it was not wanton or vicious in the *Rhodes* sense. Accordingly, the Court, *sua sponte,* dismisses the Eighth Amendment theory under Rule 12(b)(6).

### G. Motion to Dismiss as Applied to Plaintiff's Equal Protection Clause Theory

■ The Court also must *sua sponte* dismiss plaintiff's equal protection clause theory. The equal protection clause is an appropriate weapon where the state classifies on the basis of a suspect classification or fundamental right.[25] No such classification occurred in the instant case. Accordingly, plaintiff's equal protection clause theory must be dismissed under Rule 12(b)(6).

## III CONCLUSION

For the reasons stated in the foregoing opinion, the Court hereby renders the following rulings:

Defendants' motion to dismiss is GRANTED as to plaintiff's demand for damages from defendants in their official capacities;

21. *See e.g., Macko v. Bryon,* 641 F.2d 447 (CA 6, 1981); *Browder v. Tipton,* 630 F.2d 1149 (CA 6, 1980); *Taylor v. Brighton Corp.,* 616 F.2d 256 (CA 6, 1980); *O'Neill v. Grayson County War Memorial Hospital,* 472 F.2d 1140 (CA 6, 1973).

22. *See Rhodes v. Chapman,* 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1982).

23. *See id* at 352, 101 S.Ct. 2402.

24. *See Walker v. Johnson,* 544 F.Supp. 354, 359–60 (ED Mich, 1982). The prominent constitutional law theorist John Hart Ely has also noted the generality of the language of the Eighth Amendment. *See* Ely, *Democracy & Distrust: A Theory of Judicial Review,* 14 (1980).

25. *See generally* this Court's opinion in *Jones v. State of Michigan,* 525 F.Supp. 636 (ED Mich.1981).

Defendants' motion to dismiss is DENIED as to plaintiff's demand for equitable and declaratory relief from defendants in their official capacities;

Defendants' motion to dismiss is DENIED as to plaintiff's demand for damages from defendants in their individual capacities.